248

GEBHARD et al. v. GENERAL MOTORS SALES CORPORATION et al.

No. 8345.

United States Court of Appeals for the District of Columbia.

Argued March 5, 1943.

Decided April 12, 1943.

Mr. John B. Brady, of Washington, D. C., for appellants.

Mr. Drury W. Cooper, of New York City, with whom Mr. John G. Sbarbaro, of Washington, D. C., was on the brief, for appellees.

Before PARKER, Circuit Judge, sitting by designation, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellants sued appellees for infringement of claims 1 and 2 of appellants' patent No. 1,903,811 for a radio antenna system. Appellants' claims, and also the accused device, consist essentially of telescopically-arranged tubular antenna sections and means for extending or retracting them.

Appellants' claim 1 is for a "radiating" antenna element, and means for controlling its "effective capacity," "in a high frequency transmission system." Their claim 2 is for "a high frequency antenna system" with "radiating" sections and means for "selectively" extending or retracting them. Appellants' specification uses the words "transmitter," "transmitting," and "transmission" many times, and never the word "receiver," "receiving," "reception," or any equivalent. It uses the terms "high frequency," "high frequencies," and "short wave" many times, and never refers to long waves or low frequencies. The District Court found among other things that both of appellants' claims are limited to transmission at high frequencies, while the accused device is limited to reception at low frequencies; that radiation, which is essential in appellants' claims, is undesired and minimal in the accused device; and that appellants' claims include means for the selection of desired frequencies but the accused device does not. All these findings are supported by substantial evidence. The court concluded that the accused device does not infringe.

We need not consider that question, for appellants' claims are clearly invalid for lack of invention. Telescopes and fishing rods have adjustable telescoped tubes. Claim 6 of Hammond patent No. 1,306,145, "aerial for automobile torpedoes," is for a telescoped extensible mast "possessing electrical capacity." The specification states: "Although I have shown [in a drawing] two masts connected by wires, it is obvious that * * * a single mast may be used either with or without wires as desired." Nitschke patent No. 1,070,167 is for a telescoped lifting-gear. The specification states that it "can be employed for lifting * * * antennae for radiotelegra-

phy, projectors, and also as a mast for signaling purposes, phototelegraphy, and the like." A radio engineer would understand that the mast could have electrical capacity and be used as an antenna. Siewert patent No. 1,073,294 is for a device for extending and retracting telescoped masts and lifting apparatus. Siewert uses a screw and gears like those which appellants use for the same purpose. These facts were found by the District Court and are either obvious or supported by substantial evidence. The elements of appellants' device were old and the claimed combination required little ingenuity. The references, none of which was cited in the Patent Office, overcome the presumption in favor of the validity of the issued patent.[1]

 "An invalid patent masquerading as a valid one is a public menace."[2] It discourages enterprise and encourages litigation. When the invalidity of a patent has been urged[3] and clearly established in an infringement suit, the public interest is better served by a decision that the patent is invalid than by a decision that if it were valid it would not be infringed.[4] When invalidity is due to lack of invention over the prior art, the question whether the patent would be infringed if it were valid is not only unimportant but practically meaningless. In order to imagine such a patent valid one must imagine the prior art to have been different in one way or another from what it was; and the particular assumption which one makes with regard to the state of the prior art will determine whether the accused device would have been an innocent adaptation of the assumed prior art or an infringement of the patent. Dicta regarding the validity of a patent must be avoided,[5] but it does not follow that a court should dispose of an infringement suit by deciding the minor question of infringement instead of the major question of validity.

Affirmed.

---

[1] Cf. Cutler Mail Chute Co. v. Capitol Mail Chute Corp., 2 Cir., 118 F.2d 63, 64, certiorari denied, 313 U.S. 580, 61 S.Ct. 1096, 85 L.Ed. 1537.

[2] Frank, J., concurring, in Aero Spark Plug Co. v. B. G. Corporation, 2 Cir., 130 F.2d 290, 294. Cf. Black, J., dissenting, in Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 137, 62 S. Ct. 513, 86 L.Ed. 736.

[3] Cf. Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736.

[4] Note 2, supra. Cf. Cutler Mail Chute Co. v. Capitol Mail Chute Corp., supra note 1; Radtke Patents Corp. v. Coe, 74 App.D.C. 251, 122 F.2d 937. But cf. Irvin v. Buick Motor Co., 8 Cir., 88 F. 2d 947, 951, certiorari denied, 301 U.S. 702, 57 S.Ct. 932, 81 L.Ed. 1357.

[5] Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263.