**PLYMOUTH RUBBER CO., Inc.**

v.

**MINNESOTA MINING AND MANU-
FACTURING CO.**

Civ. A. No. 58–1222.

United States District Court
D. Massachusetts.

June 2, 1960.

Hector M. Holmes, Boston, Mass., for plaintiff.

John M. Harrington, Boston, Mass., for defendant.

McCARTHY, District Judge, retired, by designation.

This is an action for declaratory judgment under Sections 2201 and 2202 of Title 28 of the United States Code, seeking a declaration that plaintiff's "Slip-knot" plastic electrical tape does not infringe defendant's Letters Patent No. Re. 23,843. The defendant has answered and counter-claimed seeking damages for infringement and alleging the validity of the Letters Patent. In reply to the counter-claim plaintiff has answered asserting the invalidity of the Letters Patent. After hearing and submission of briefs, the motion to strike must be allowed.

The moving papers reveal that the present defendant brought suit in the Middle District of North Carolina against Sears, Roebuck & Co., on August 3, 1954, alleging that certain electrical tapes sold by Sears infringed 3M's Letters Patent. (Because of the different status of the parties in the present action and in the North Carolina action, they will be designated hereinafter as 3M, the present defendant, and Plymouth, the present plaintiff.) In the North Carolina case Plymouth intervened on behalf of Sears. The District Court for the Middle District of North Carolina entered findings and conclusions to the effect that the Letters Patent were valid and were infringed by Plymouth. See Opinion by the District Court, Minnesota Mining & Mfg. Co. v. Sears, Roebuck & Co., 141 F.Supp. 686. On appeal to the Court of Appeals for the Fourth Circuit, the Circuit Court, 243 F.2d 136, held that there was no infringement and reversed and remanded. On remand the District Court, in its decree after Mandate, stated that the opinion of the Circuit Court was interpreted as affecting only the issue of infringement and as not passing upon validity. No attempt was made by Plymouth to obtain review by the Court of

Appeals for the Fourth Circuit of the interpretation put by the District Court upon its opinion.

At the same time that 3M filed its action in North Carolina against Sears, it filed the same action against other sellers of Plymouth's product which allegedly infringed 3M's Letters Patent. Plymouth did not intervene in this action and the judgment therein entered by the District Court establishing validity and infringement was not appealed.

It is apparent that the issue of validity of the Letters Patent has been litigated between these parties and determined in favor of validity. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263.

It is also apparent that Plymouth is collaterally estopped from relitigating the issue of validity. Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195.

The motion to strike is allowed.