**UNITED STATES of America ex rel. John M. FERENC**

v.

**Gilbert A. WALTERS, Superintendent, Pittsburgh, Penitentiary, Pittsburgh, Pennsylvania,**

**and**

**Pennsylvania Board of Probation and Parole.**

**Civ. A. No. 73–352.**

United States District Court, E. D. Pennsylvania.

Nov. 27, 1973.

Alan Reich, Student, University of Pennsylvania Law School, Philadelphia, Pa., for plaintiff.

Stewart J. Greenleaf, Willow Grove, Pa., for defendants.

## MEMORANDUM AND ORDER ·

FOGEL, District Judge.

Petitioner, John Ferenc, originally filed a petition for a writ of habeas corpus averring that his conviction in the Court of Common Pleas, Montgomery County, Pennsylvania, for burglary and larceny was invalid on the dual grounds that his rights under the Sixth and Fourth Amendments, made applicable to the States through the Fourteenth Amendment, were denied, FIRST, because he was not permitted to use his own funds to retain counsel of his choice and, SECOND, because the warrant for the search of his car had been issued without probable cause.

The late Chief Judge John W. Lord, Jr., of this court, granted the writ on the first ground, thus obviating a decision on the second one. United States ex rel. Ferenc v. Brierley, 320 F.Supp. 406 (E.D.Pa.1970). The Commonwealth retried the petitioner and obtained a second conviction. After the petitioner had unsuccessfully appealed that conviction through the state courts on the same grounds he has raised here, this court granted a second writ of habeas corpus based on our conclusion from the evidence adduced at the second trial that the search warrant had been issued without probable cause. The Commonwealth was again given the option of appealing the grant of the writ or retrying the petitioner.

In the petition before us for rehearing and reconsideration of our decision, the Commonwealth asserts error on the part of this court on two counts—FIRST, the failure of the District Court in the original proceeding to determine both of the issues raised by petitioner's initial application for the writ and, SECOND, the failure of this court in the instant case to hold that the petitioner had in fact waived his Fourth Amendment claim because he had not previously appealed the order of the District Court which did not dispose of that issue.

■ With respect to the first contention, we hold that it was unnecessary for the late Chief Judge John W. Lord, Jr. to reach the Fourth Amendment question in light of his determination that petitioner had in fact been denied his constitutional right to retain counsel of his choice, a controlling threshold issue. A determination of the second issue could not have affected the lawfulness of his custody. See McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238 (1934). The denial of this fundamental right of due process guaranteed petitioner by the Fourteenth Amendment totally vitiated those proceedings and thus mandated the grant of a new trial, irrespective of any other ground petitioner may

have had. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 1469 (1935); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); see also Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Hence, it was altogether appropriate and proper for this court to rest its ruling on that single all-pervasive ground and, indeed, to exercise its discretion in favor of limiting its decision to that sole dispositive issue.

The soundness of the late Chief Judge John W. Lord's determination is underscored by the option given the Commonwealth—an appeal of the decision or retrial of the petitioner. Had the Commonwealth appealed the initial decision to the Court of Appeals, the first issue it now raises could have been presented by it to that court. It chose instead, however, to retry the petitioner. In granting that option to the Commonwealth, this court had the right to assume that counsel of petitioner's own choosing would bring to the attention of the state court at the new trial all of the other issues he had raised in his application for the first writ.

Admittedly, at the time the original writ was granted, an adjudication of the Fourth Amendment claim upon the findings of the state trial court or upon an evidentiary hearing may have persuaded the Commonwealth that it had insufficient evidence for a conviction upon a retrial. However, the doctrine of comity between courts "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). Orderly procedure dictated that the state court, the proper forum to decide the Fourth Amendment claim in the first instance, be given the opportunity to do so.

■ The Commonwealth's second contention that petitioner should have appealed from this court's decision is utterly without merit. This court's ruling in petitioner's favor granted him the relief requested, and the fact that the relief was not based upon all of the theories presented by the petitioner clearly would not give him the right to appeal the final order. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939).

To hold as the Commonwealth urges us to do would open the floodgates to endless waves of appeals in civil and in criminal cases by litigants who are satisfied with the result but not with the path the court has travelled to reach that result. While admittedly, laymen and lawyers alike all too often are the victims of tortuous reasoning by courts in reaching given ends, the fundamental concept of our judicial system is that only actual cases and controversies will be decided. U.S.Const., Art. III, Sec. 2, Cl. 1; Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803). Hence, the basis for an appeal is the grant or denial of the ultimate relief sought and not the theory adopted by the court in arriving at a particular definitive conclusion.

Two statutes are cited by the Commonwealth in support of its position— the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–4, § 1180–5, and 28 U.S.C. § 2244(b). Under the facts before us, reliance upon the provisions of these statutes is patently misplaced. The state statute deals with litigation in which an issue is finally litigated or waived either by the petitioner's failure to raise the issue or to appeal from an adverse ruling. The federal statute gives the court discretion under certain circumstances to refuse to entertain an application for a writ of habeas corpus subsequent to a prior *denial* of release from custody. Clearly, both statutes are inapposite to this case.

■ Assuming, arguendo, there was a waiver of the Fourth Amendment claim

because petitioner did not appeal the first decision, it is still within our discretion to reach the merits of claims not adjudicated in the original action. 28 U.S.C. § 2244(b); Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The Commonwealth alleged that this Court is without jurisdiction to entertain the second application for the writ. However, the allegation of unconstitutional restraint is sufficient to confer jurisdiction upon us, and once we have jurisdiction we have both the right and the power to reach the merits of all claims not previously adjudicated.

Accordingly, the petition for rehearing is denied and the following order is entered.