**190**

Fernando TRONCOSO, Jr., and Golden Key Futura, Inc., a Colorado corporation, Plaintiffs,

v.

MARTIN ARCHERY, INC., a Washington corporation, Gail Martin, and Terry Martin, Defendants.

No. C–87–718–JLQ.

United States District Court, E.D. Washington.

March 24, 1989.

Robert Whaley, Winston & Cashatt, Wash., Robert E. Purcell, Purcell & McGuire, Englewood, Colo., for plaintiffs.

Mark S. Matkin, Wells, St. John & Roberts, Spokane, Wash., Ernest I. Gifford, Gifford, Groh, Van Ophen, Sheridan, Sprinkle & Dolgorukov, Birmingham, Mich., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO TRIFURCATE TRIAL

QUACKENBUSH, District Judge.

On Monday, March 20, 1989, at 9:00 a.m., the court heard oral argument on defendants' motion to trifurcate the trial of this action. The hearing was held telephonically. Mark S. Matkin presented defendants' motion; Robert E. Purcell argued for plaintiffs.

For the reasons that follow, defendants' motion was GRANTED.

### FACTUAL BACKGROUND

Plaintiffs in this action seek money damages for and injunctive relief against defendants' alleged infringement of certain United States patents. The patent claims involve an "arrow rest," a small mechanical device that is affixed to an archery bow. As its title implies, an arrow rest provides a platform for an arrow to rest upon while the bow-string is being drawn back, prior to release. Plaintiffs have also asserted causes of action under state and federal law that arise out of defendants' alleged marketing of various arrow rests.

Defendants have indicated that in defending the action they will rely, primarily, upon the affirmative defenses of obviousness, prior art, and fraud on the patent office. Defendants have also counter-claimed, requesting a declaration that the patents-in-suit are invalid, unenforceable, and not infringed by defendants. Both parties have alleged entitlement to costs and attorney fees.

The trial of this action, if conducted in the usual manner, promises to be lengthy and quite complex. Plaintiffs estimate that 20 trial days will be needed to adjudicate the matter; defendants estimate 13 to 15 days. Thirty-three witnesses have been designated, not including deposition testimony. Over 450 trial exhibits have been designated.

### ANALYSIS

Rule 42(b), Fed.R.Civ.P., provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, ... or of any separate issue ... or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Under Rule 42(b), the decision to grant or deny defendants' motion for trifurcation is committed to the discretion of this court. *See Warner v. Rossignol,* 513 F.2d 678 (1st Cir.1975); *Chicago Rock Is. & P. R.R. v. Williams,* 245 F.2d 397, 404 (8th Cir.1957), *cert. denied,* 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957). As discussed below, the court finds that trifurcation of this action will promote judicial economy and the fair adjudication of the claims herein. The action will therefore be tried in three stages —infringement, validity and enforceability, and damages.

The primary elements of the claims and defenses in this action lend themselves to separate adjudication. As to plaintiffs' patent claims, "infringement is the sole injury and basis for [the] claim to damages and an injunction." H.T. Markey, *On Simplifying Patent Trials,* 116 F.R.D. 369, 377 (1987). If plaintiffs' patents are found not to have been infringed, no adjudication as to validity will be required. In fact, an adjudication of validity "would usually be error ..., in the face of a finding of non-infringement." *Lockwood v. Langendorf United Bakeries, Inc.,* 324 F.2d 82, 91 (9th Cir. 1963) (*citing Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939)). In any event, it is clear that federal courts have drifted away from the feeling that it "will usually be the better practice to inquire 'fully into the validity of [the] patent,'" *Sinclair & Carroll Co. v. Interchemical Corp.,* 325 U.S. 327, 330, 65 S.Ct. 1143, 1145, 89 L.Ed. 1644 (1945), and it is now "open to a court to proceed as is most convenient, subject to the exception that, though the defendant has not infringed, claims may be so evidently invalid that the court should so declare." *Lockwood v. Langendorf United Bakeries, Inc.,* 324 F.2d at 91 (*quoting, Harries v. Air King Prods. Co.,* 183 F.2d 158, 162–63 (2d Cir.1950) (L. Hand, Judge).[1] Here, separate adjudication of the infringement and validity issues is warranted by the significant economies that might be achieved if no infringement is shown.

If plaintiffs prevail in establishing infringement, the burden shifts to defendants to establish their affirmative defenses regarding validity and enforceability. 35 U.S.C. § 282 ("The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting it."); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 220 U.S.P.Q. 763, 725 F.2d 1350 (Fed.Cir.), *cert. denied,* 469 U.S. 821, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984). Because defendants must shoulder the burden of proving invalidity, the organization and presentation of evidence will be simplified by allowing defendants to "go first" on that issue. *Accord,* H.T. Markey, *On Simplifying Patent Trials,* 116 F.R.D. 369, 378 (1987). Trifurcation of the trial will make that feasible.

Finally, both plaintiffs and defendants seek attorney fees in this action pursuant to 35 U.S.C. § 285.[2] Therefore, efficiency will also be served by separately trying liability and damages. Once liability is determined, only one side will have a claim for attorney fees. Thus, evidence will be required as to the "exceptional" qualities of this action only with respect to the prevailing parties' claims. Without separation, the court and the litigants would be required to consider and present both sides' direct and rebuttal evidence on the issue,

---

1. In fact, Chief Judge Markey has gone so far as to assert that:

"Courts have no roving commission to destroy every invalid patent. Assuming the patent would have been proven invalid, a trial required for its destruction, after a finding of no infringement and thus in the absence of a case or controversy, is not justified, by considerations of public policy or otherwise." H.T. Markey, *On Simplifying Patent Trials,* 116 F.R.D. 369, 377 n. 15 (1987).

2. Section 285 provides for an award of attorney fees in "exceptional cases."

without a tangible point of reference as to who prevailed on the substantive claims involved. Trifurcation eliminates that problem, further promoting judicial economy and simplification of the issues.

Plaintiffs argue that trifurcation will require repeat appearances and repetitive testimony by witnesses. The court, however, finds that the burden of speculative costs and extra time that such testimony might require is outweighed by the potential savings that trifurcation offers all involved. Plaintiffs also argue that the prospect of repeat appeals, and the delay that might result from such, warrants denial of defendants' motion. Plaintiffs' argument, however, assumes that they will lose the first two stages of the trial, and then prevail in appealing those decisions. Without commenting on the color of an argument that assumes one's own failure, the court finds the prospect of such a sequence of events too remote to justify abandonment of the advantages that trifurcation offers for the trial of this action. Defendants' motion to trifurcate is therefore GRANTED.

Trial shall proceed as follows:

1. Plaintiffs' infringement claim and other causes of action shall be tried first. All parties shall present evidence relevant to those issues during this stage of the trial.

2. If necessary after the conclusion of stage 1, trial shall proceed to stage 2.

3. At stage 2, the court will hear evidence relevant to defendants' affirmative defenses.

4. At stage 3, the court will hear evidence regarding damages or entitlement to attorney fees, or both.

Counsel shall be permitted to address all aspects of this action during opening statements, as if trifurcation had not been ordered. Additional "stage specific" opening statements shall be permitted immediately prior to the commencement of each stage. Similarly, counsel are ordered to prepare complete trial briefs, proposed findings of fact, and proposed conclusions of law as if trifurcation had not been ordered; however, such pleadings should be organized in three discreet sections: infringement, validity and other defenses, and damages. The trial briefs and proposed findings shall be filed and served on opposing counsel no later than August 4, 1989. The first stage of the trial of this action has been assigned a second setting on August 14, 1989, at 1:30 p.m.

IT IS SO ORDERED. The Clerk is hereby directed to enter this Order and furnish copies to counsel.