RYAN, Circuit Judge,
concurring.
I agree that ASARCO lacks standing to appeal the ALJ’s favorable decision, but I write separately to elaborate on the reasoning that, in my view, supports the judgment and to address a few of ASARCO’s arguments that the majority opinion overlooks.
As Judge Boggs observes, ASARCO succeeded in having the citation vacated, but it is unhappy that the ALJ rejected its primary argument in challenging the citation' — i.e., that single-shift sampling is inherently unreliable and insufficient per se to support a citation. ASARCO argues that it satisfies both the constitutional and statutory requirements for standing to appeal the ALJ’s decision.
A litigant must satisfy three elements to establish standing under Article III of the Constitution: (1) he must have suffered some actual or threatened injury; (2) the injury must be “fairly traceable” to the challenged action; and (3) there must be a substantial likelihood that the relief requested will redress or prevent the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Coyne v. American Tobacco Co., 183 F.3d 488, 494 (6th Cir.1999). An “injury in fact” is “an invasion of a legally-protected interest” which is: (1) concrete and particularized; and (2) actual or imminent, not conjectural or hypothetical. Lujan, 504 U.S. at 560, 112 S.Ct. 2130.
In addition to these constitutional requirements, a party must satisfy applicable statutory prerequisites for standing. Under the Federal Mine Safety & Health Act, “[a]ny person adversely affected or aggrieved” by an ALJ’s decision or by a Commission order may seek review before the Commission or a court, respectively. 30 U.S.C. §§ 823(d)(2)(A), 816(a)(1). The Supreme Court has interpreted the identical “adversely affected or aggrieved” language that appears in the Administrative Procedures Act (APA), 5 U.S.C. § 702, to grant standing where there is an “injury in fact” to an interest that is arguably within the zone of interests to be protected or regulated under the applicable statute. Sierra Club v. Morton, 405 U.S. 727, 733, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). The parties here dispute whether ASARCO has suffered any injury from the ALJ’s decision, a component of both constitutional and statutory standing.
My brother’s opinion recognizes that a prevailing party generally may not appeal a favorable decision. See Buck v. Secretary of Health and Human Servs., 923 F.2d 1200, 1203 (6th Cir.1991). My colleague also identifies a “narrow exception” to this rule. Indeed, the cases cited by ASARCO establish multiple exceptions to the general rule. However, ASARCO fails to satisfy any of these exceptions.
First, I agree that the Deposit Guaranty exception is inapposite. ■ In Deposit Guaranty, the plaintiffs suffered actual economic injury from the district court’s judgment denying class certification because the judgment precluded the individual plaintiffs from shifting part of the litigation costs to other class members. Here, in contrast, the only economic injury that ASARCO suffered as a result of the
*725 ALJ’s decision, as distinguished from the MSHA’s testing procedure, was its sunk litigation costs. ASARCO is not seeking to shift any portion of this cost to another party. I also agree that Vanderbilt is distinguishable.
ASARCO also relies on Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939), a patent infringement case. The district court ruled in favor of the defendant and dismissed the lawsuit for failure to prove infringement, specifically holding that “claim 1” of the patent was valid but not infringed and that “claim 2” of the patent was invalid. The defendant appealed that portion of the district court’s ruling holding “claim 1” valid. Id. at 242, 59 S.Ct. 860. The court of appeals dismissed the appeal on the grounds that the defendant had been awarded all relief to which it was entitled. The Supreme Court reversed. The Court noted that although the validity of “claim 1” did not influence the disposition, it nevertheless stood “as an adjudication of one of the issues litigated.” Id. at 242, 59 S.Ct. 860. The Supreme Court held that the court of appeals had jurisdiction to direct reformation of the decree to strike the portion relating to the validity of “claim 1”; the court of appeals did not have jurisdiction to address the validity of “claim 1” on the merits, however. Id.
ASARCO cannot invoke the Electrical Fittings exception to achieve the result it seeks here, that is, a review of the ALJ’s decision on the merits. Electrical Fittings permits only the more limited remedy of reforming a judgment by deleting the allegedly erroneous portions. See Deposit Guar., 445 U.S. at 337, 100 S.Ct. 1166; In re DES Litigation, 7 F.3d 20, 25 (2d Cir.1993).
Finally, ASARCO submits that it has standing to appeal the ALJ’s decision because it did not obtain all of the relief it requested. Ordinarily, a party may appeal a decision that grants only part of the relief requested. Forney v. Apfel, 524 U.S. 266, 271, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998). Here, however, ASARCO did obtain all of the relief it requested. Despite its insistence to the contrary, ASAR-CO did not request declaratory relief relating to single-shift sampling. It is true that the ALJ did not accept both of ASARCO’s alternative arguments, but arguments are not synonymous with relief. If ASARCO genuinely intended this to be a “test case” challenging the MSHA’s single-shift sampling protocol, it has only itself to blame for muddying the waters with an alternative argument.
For these reasons, as well as those expressed in the lead opinion, I concur in the judgment dismissing this appeal.