**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2011[*]
Decided July 29, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-1310

| | |
|---|---|
| ESTATE OF BURTON W. KANTER, JOSHUA S. KANTER, EXECUTOR, | Appeal from the Decision of the United States Tax Court. |
| *Petitioner-Appellant,* | |
| *v.* | No. 712-86 |
| COMMISSIONER OF INTERNAL REVENUE, | Harry A. Haines, *Judge*. |
| *Respondent-Appellee.* | |

**O R D E R**

---

[*]After an examination of the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

To borrow a phrase from Sir Paul McCartney, this case has wended its way down a long and winding road. Along the way, it has visited this court twice before and has called once on the U.S. Supreme Court. See *Ballard v. Comm'r,* 544 U.S. 40 (2005). A detailed account of its history is available in our last opinion, *Kanter v. Comm'r of Internal Revenue,* 590 F.3d 410, 414 (7th Cir. 2009). On that occasion, Kanter's Estate (to which we refer simply as Kanter) was appealing an unfavorable Tax Court decision that relied critically on the court's rejection of many of the factual findings of the Special Trial Judge ("STJ") who presided over the trial. We concluded that the Tax Court had not shown the proper level of deference to the STJ's factual findings. We therefore reversed and remanded with instructions to the Tax Court to vacate its judgment, to "enter an order adopting the STJ's report as the decision of the Tax Court," and to enter judgment accordingly. 590 F.3d at 427. Our mandate issued on January 25, 2010.

On remand, the Tax Court took a number of steps to implement that mandate. On April 30, 2010, it vacated its earlier decision. On October 15, 2010, it issued an order stating that "the Special Trial Judge's report, made part of the record in this case on June 16, 2005, shall be treated as the Court's opinion in this case." Six weeks later, the Tax Court entered a decision reflecting the parties' agreement about the amount of the tax deficiency owed by the taxpayer; this amount was consistent with the STJ's report. Around that time, Kanter filed a motion seeking publication of the Tax Court's opinion – *i.e.* of the STJ's opinion as adopted by the Tax Court. On January 20, 2011, the Tax Court granted the motion to publish and uploaded the opinion to its website. Specifically, it made the STJ's report an attachment to an order of June 16, 2005, that released the report to the public in compliance with the Supreme Court's *Ballard* decision.

Dissatisfied with these steps, Kanter filed an appeal to this court on January 28, 2011. His notice of appeal is extremely limited: he asserts that he is appealing only the Tax Court's alleged failure formally to adopt the STJ's opinion and the Court's failure to publish the STJ's opinion under the "opinions" tab of the website. This is important, in his view, because it will facilitate the indexing of the decision by such services as LEXIS and Westlaw.

The first – and it turns out only – question we need to consider is whether we have jurisdiction over this unusual appeal. Our appellate jurisdiction, if it exists, rests on 26 U.S.C. § 7482(a), which grants jurisdiction to the courts of appeals to review decisions of the Tax Court. But that implies that there is something for the appellant to complain about. It is well established that a party may not appeal from a judgment in its favor. *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242 (1939). One consequence of that rule is the fact that the court of appeals reviews the judgment of the trial court, not individual statements in its opinions. We do not sit to re-write opinions or to correct alleged errors that have no effect on

the ultimate outcome. Nor is our jurisdiction engaged if the question is utterly insubstantial. *Cf. Bell v. Hood*, 327 U.S. 678 (1946) (subject-matter jurisdiction is lacking "where . . . a claim is wholly insubstantial and frivolous"). The latter principle is enough to require us to reject Kanter's first point. His allegation that the Tax Court has not entered an order adopting the STJ's report as its opinion is flatly contradicted by the record. The language of the order of October 15, 2010, which we quoted above, leaves no room for doubt and requires us to dismiss this part of the appeal as wholly insubstantial.

Kanter's effort to make a federal case out of the location on the Tax Court's website of the STJ's report fails for similar reasons. As we noted a moment ago, "[o]rdinarily, only a party aggrieved by a judgment or order [ ] may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980); see also *Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*, 257 F.3d 1071, 1075-77 (9th Cir. 2001) (listing exceptions to the general rule that have no application here, such as an adverse ruling that might have collateral estoppel effect). The Tax Court's decision assessed a tax deficiency that Kanter agreed was correct, and he understandably does not appeal on that ground. We cannot find a justiciable controversy in the details of the Tax Court's website design. Anyone who is interested in the history of this litigation will find the full STJ opinion. The fact that LEXIS or Westlaw may overlook publicly available documents because they are not labeled as "opinions" is not our concern.

In summary, neither of the points he has presented to this court is substantial enough to support appellate jurisdiction. The appeal is therefore DISMISSED.

CUDAHY, *Circuit Judge*, Concurring in part.

Since I have no quarrel with the majority opinion as a technical matter (although there remains some ambiguity about compliance with this court's mandate)[**], I write separately to

---

[**] The ambiguity derives from the multiple controlling documents in Tax Court cases. A Tax Court opinion is ordinarily followed by a "decision," which is a computation of tax liability in accordance with the opinion. *See generally* Tax Court Rule 155. Our 2009 mandate directed the Tax Court to use the STJ Report as the Tax Court's "decision." Ignoring that mandate, then, would seem to result in an improper calculation of tax liability. But as described above, the parties on remand stipulated to the extent of the taxpayer's tax liability,

(continued...)

put matters in what seems to me an appropriate context. In that connection, I would point out that I have been a member of the decisional panel here from the outset.

In the first round of this litigation, the Tax Court succeeded (over my dissent) in concealing from this court the report of the Special Trial Judge (STJ Report) until forced to furnish it by the Supreme Court. *See Ballard v. Commissioner*, 544 U.S. 40 (2005). In the second round, under appellate compulsion, the Tax Court produced the STJ Report but arbitrarily rejected its findings. *See United States v. Kanter*, 590 F.3d 410 (7th Cir. 2009). In this – the third round – the Tax Court is apparently attempting to deny the STJ Report its normal place as the controlling document in this case. From all appearances, the Tax Court is not a graceful loser and I can appreciate the dissatisfaction of the prevailing litigant with the Tax Court's response to correction. However, I agree that this dissatisfaction is not an adequate basis for jurisdiction in this instance.

---

[**](...continued)
and the taxpayer is raising no argument related to the amount of his liability. Instead, he is complaining that the STJ Report was not given the prominence that a Tax Court *opinion* ordinarily is.