12-3289-cv
*Cabrera v. Nassau Med. Servs., P.C.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand thirteen.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
            Circuit Judges,
JOHN F. KEENAN,
            District Judge.[*]
- - - - - - - - - - - - - - - - - - - -x

MARIA CABRERA, individually and on
behalf of all others similarly situated,
            Plaintiff-Appellant,

            -v.-                                12-3289-cv

NASSAU MEDICAL SERVICES, P.C.,
            Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        ABDUL KARIM HASSAN, Queens
                                Village, New York.

FOR DEFENDANT-APPELLEE:         Bruce Provda, Jamaica, New York.

---

[*]     The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Plaintiff-Appellant Maria Cabrera appeals from the district court's July 17, 2012 order directing the parties to file a motion to approve the settlement of this case under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). The motion was filed on July 31, 2012, and the district court approved the settlement the same day. The settlement agreement approved by the district court provided that defendant-appellee Nassau Medical Services, P.C. would pay plaintiff an additional amount of $1,000 to cover the fees for bringing the motion to approve the settlement in the event that this Court or the Supreme Court were to rule that the FLSA does not prohibit parties from settling without court approval. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Before we may consider the merits of the instant appeal, we must assure ourselves that we have subject matter jurisdiction. See Jennifer Matthew Nursing & Rehab. Ctr. v.

U.S. Dep't of Health & Human Servs., 607 F.3d 951, 955 (2d Cir. 2010) ("We have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte.") (citation, alteration, and internal quotation marks omitted). "Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right [under 28 U.S.C. § 1291] to appeal therefrom." Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 333 (1980).  It is well settled that "'a party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree.'"  O'Brien v. Vermont, 184 F.3d 140, 141 (2d Cir. 1999) (per curiam) (quoting Elec. Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242 (1939)).

Further, under Article III of the Constitution, "an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated."  Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 70 (2d Cir. 2001) (citation and internal quotation marks omitted); see also Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005) ("[A]t all times, the dispute before the court must be real and live, not feigned, academic, or conjectural.  When the issues in dispute between the parties are

no longer live, a case becomes moot, and the court -- whether trial, appellate, or Supreme -- loses jurisdiction over the suit, which therefore must be dismissed." (internal citations and quotation marks omitted)).  To invoke federal jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  We are therefore without power "to decide questions that cannot affect the rights of litigants in the case before [us]."  Id. (citation and internal quotation marks omitted).

Here, we are presented with neither an appealable order nor a justiciable case or controversy.  First, the July 17, 2012 order that plaintiff challenges is not an appealable order because it did not aggrieve either party.  Rather, the court simply ordered the parties to demonstrate that the settlement was fair and reasonable.  Once the court was satisfied, it did in fact approve the settlement on the agreed upon terms, and it dismissed the case.  Even assuming the FLSA does not require court approval for a settlement, the district court's order is not an appealable order.

Second, there is no case or controversy between the parties here.  Although there may be a general continuing

controversy regarding whether parties may settle claims brought under the FLSA without court approval, in this case there is no real, live dispute before us.  Defendant did not submit an opposition brief, did not appear for oral argument, and seems to agree with plaintiff on all aspects of her appeal.  The only remaining question in this case is plaintiff's claim to $1,000 in attorney's fees that defendant agreed to pay her if this Court on appeal determined that the district court erred in requiring the parties to seek court approval of their settlement.  An interest in attorney's fees, however, is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."  Lewis, 494 U.S. at 480; see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit.").  There is no actual controversy between the parties, and thus we lack jurisdiction to hear the appeal.

Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 5 -