**TRUSTHOUSE FORTE, INC. and Knott Hotels Corp., Plaintiffs-Appellees,**

v.

**795 FIFTH AVENUE CORP., Defendant-Appellant.**

**No. 114, Docket 84–7441.**

United States Court of Appeals, Second Circuit.

Argued Oct. 3, 1984.

Decided Feb. 26, 1985.

Alvin K. Hellerstein, New York City (Eva L. Coben, Thomas Farber, Steven M. Nachman, Stroock & Stroock & Lavan, New York City, of counsel), for defendant-appellant 795 Fifth Avenue Corp.

Scott W. Muller, New York City (Steven F. Goldstone, Davis Polk & Wardwell, New York City, of counsel), for plaintiffs-appellees Trusthouse Forte, Inc. and Knott Hotels Corp.

\* The Honorable Charles E. Wyzanski, Senior United States District Judge for the District of Massachusetts, sitting by designation.

1. Paragraph 32(c) of the agreement provides:
   (c) The amount of costs to be allocated between Operator and Owner will be determined annually.
   Such determination shall be made in the first instance by such firm of certified public accountants as may be designated by Lessee-Operator, who shall thereupon advise Lessor-Owner of such adjustment, determination or allocation, as the case may be, in writing. If Lessor-Owner shall make no objection in writing to such adjustment, determination or allocation within 90 days after receipt of such notice thereof, the same shall become final, conclusive and binding upon the parties hereto. If Lessor-Owner shall object to such adjustment, determination or allocation it shall, within such 90 day period, notify Lessee-Operator in writing of such objection and the details thereof. In the event that the parties and their respective certified public accountants do not agree within 30 days thereafter, such adjustment, determination or allocation shall be made by such third firm of certified public accountants as may be agreed upon between the certified public accountants of Lessee-Operator and Lessor-Owner, or if they cannot agree upon such third firm of certified public accountants, then such third firm shall be named by the then presiding Justice of the Appellate Division of the Supreme Court of the State of New York, First Department, and the adjustment, determination or allocation shall be final, conclusive and binding upon the parties hereto.

Before KAUFMAN and WINTER, Circuit Judges, and WYZANSKI, District Judge.\*

WINTER, Circuit Judge:

The dispute underlying this appeal is over monies due under a lease. The issue on appeal is whether certain findings and conclusions of the district court are appealable by the defendant and, if so, whether they are erroneous. The parties having declined to take advantage of an adjournment to settle the matter, we decide it on the merits and vacate part of the judgment.

795 Fifth Avenue Corporation, the defendant in the district court, owns the Hotel Pierre, a cooperative apartment building in Manhattan. For a period of time, the plaintiffs-appellees managed the building and leased a portion of it to operate a transient hotel. The legal relations between the parties were governed by a document entitled Lease and Management Agreement and dated November 1, 1973. The Agreement had a 21-year term but provided that either party could terminate without cause at the end of 1977 or at three year intervals thereafter.

The Agreement provided a formula to determine the amount of compensation to be paid appellees for managing the building. Disputes over the amount owed were to be resolved by a procedure specified in Paragraph 32(c), which we set out in pertinent part in the margin.[1] That paragraph

provides for a panel of agreed-upon or court-appointed certified public accountants to resolve disputes over the amounts owed under the agreement.

Beginning in 1976, the parties were unable to agree on the amount of the annual management fee, and appellant paid a smaller sum than that requested by the appellees for the years 1976 through 1980. Neither party invoked the procedures specified in Paragraph 32(c). At the end of 1980, appellant terminated the Agreement. Shortly thereafter, appellees brought the present diversity action seeking $4,967,900 in annual management fees and $2,659,005 in capital improvements allegedly due them under the Agreement for the period 1976 through 1980. Appellant's answer asserted several affirmative defenses, two of which are relevant on this appeal. First, it claimed that the appellees acquiesced in the lower fee payments, thus either waiving their claim or estopping them from raising it. Second, it asserted that appellees' failure to invoke the dispute resolution procedure of Paragraph 32(c) barred resort to judicial remedies.

Appellant moved for summary judgment on Count I of the complaint relating to management fees (the capital improvements count has been voluntarily dismissed) on the grounds, as stated in defendant's notice of motion, that "plaintiffs have failed to comply with the dispute resolution provisions of the Agreement, a condition precedent to maintaining this Action...."

The issues underlying this appeal originated during the argument on the summary judgment motion in the district court. In joining issue, counsel for appellant argued that invocation of the dispute resolution procedure of Paragraph 32(c) was a condition precedent to suit over compensation. Counsel for appellees contended that Paragraph 32(c) was not intended to cover a "legal dispute" over what costs were compensable under the Agreement, which he claimed was the disputed issue in this case. Instead, he claimed it was limited to disputes over the amount of costs actually incurred, or "numbers disputes" suitable for resolution by accountants, matters he said were not in issue.

In tangential but extended colloquies with the court, counsel for appellant also stated that the dispute resolution procedure had to be invoked annually in a timely fashion "so that increased current expenses might be allocated among existing cooperative owners rather than borne by those who might purchase in later years." He made it clear in such colloquies that appellant believed appellees had waived their claims for all years in dispute save 1980 by acquiescing in the appellant's payments. Nevertheless, counsel explicitly stated that the waiver defense was not the basis for his motion for summary judgment and could not be resolved by the court at that time.

Near the end of the hearing, the district court declared that "[t]he motion for summary judgment was limited to the issue of whether [the dispute resolution provision] applies here, that is, whether the parties had to invoke that provision before any suit could be brought, and that is the extent of the Court's decision." The court added that "there is no time limit in which the third accountant is to be appointed under the contract. So that is still to be done." As matters stood following this statement, therefore, appellees' complaint was to be dismissed although they would be entitled to pursue remedies under Paragraph 32(c), and appellant would be free to raise the waiver defense at an appropriate time and in an appropriate forum.

Shortly thereafter, the district court rendered a written opinion that tracked her oral decision but for the following paragraphs:

Defendant asserts that plaintiffs' failure to invoke the provisions of paragraph 32 constitute a waiver of any claim by plaintiffs to funds in excess of those amounts already paid by defendant for the services rendered to the cooperative. This, too, is a legal rather than factual dispute. At the outset, the court notes that paragraph 24 of the Agreement provided that

no waivers of the terms of the Agreement would be binding on the parties unless in writing and signed by the party to be charged. Such provisions are ordinarily enforced in New York, *see* N.Y. Gen.Oblig.Law § 15–301(1) (McKinney 1978). *See also Beacon Terminal Corp. v. Chemprene, Inc.*, 75 A.D.2d 350, 429 N.Y.S.2d 715, 718–19 (2d Dep't 1980). Further, plaintiffs have submitted letters of the President of defendant cooperative to its accountants as well as the Annual Reports of defendant which indicate that defendant has considered the disputed payments to be "subject to the final settlement." Plaintiffs' Exhibits 46B, 47A, 48A, 48B & 49. Thus, defendant's assertion of reliance and estoppel are unfounded. The court finds that plaintiffs have not waived their claims to further payments and are not estopped from pursuing them.

Memorandum Decision, pp. 3–4.

Appellant thereafter moved pursuant to Fed.R.Civ.P. 52(b) to delete the above paragraph, arguing that the issues discussed were not raised in the summary judgment motion, that consideration of them was not necessary to the disposition of the motion, and that they involved disputed issues of material fact. The district court denied that motion and entered the following judgment:

> ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment as to Count I of Plaintiffs' Second Amended Complaint is hereby granted; and it is further
> ORDERED, ADJUDGED and DECREED that Defendant's Motion pursuant to Rule 52(b) of the Federal Rules of Civil Procedure is hereby denied; and it is further
> ORDERED, ADJUDGED and DECREED that Count I of Plaintiffs' Second Amended Complaint be and hereby is dismissed without prejudice to the parties pursuing the procedure for dispute resolution set out in Article 32(c) of the Lease and Management Agreement dated as of November 1, 1973 and judgment thereon shall be entered pursuant to

Rule 54(b) of the Federal Rules of Civil Procedure.

Appellant then appealed from the denial of its Rule 52(b) motion. Appellees did not appeal from the dismissal of Count I of their complaint, thus leaving undisturbed the district court's ruling that the dispute in question was of the kind Paragraph 32(c) was intended to resolve.

## DISCUSSION

Because appellees have acquiesced in the district court's broad reading of the procedure established in Paragraph 32(c) of the Agreement, we do not have before us the full range of issues that were before the district court, a posture that somewhat complicates this otherwise ordinary appeal. Absent a continuing controversy over whether the underlying dispute is of the sort intended to be resolved by the procedures specified in Paragraph 32(c), it might be argued that the judgment here grants the relief appellant requested and does not embody a ruling relating to the waiver defense. If so, the judgment itself would not be appealable by the winning party. *See Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980). We would then have to address the jurisdictional question of whether a party obtaining a favorable judgment may nevertheless appeal from a denial of a motion to alter certain findings not affecting the judgment or directly from such findings on the grounds that they will adversely affect the party in the future through application of collateral estoppel. *See, e.g., Lincoln v. Austic*, 60 A.D.2d 487, 401 N.Y.S.2d 1020 (1978).

However, we need not reach these issues because we believe the district court intended the judgment it entered to preclude appellant's raising the waiver defense in any subsequent proceeding or in any subsequent forum. The question raised is thus appealable under *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939)

(defendant in patent litigation may seek on appeal to vacate part of a judgment holding the patent valid although remainder held it not infringed). It is true that the judgment does not foreclose the waiver defense *in haec verba*. However, we believe that the portion of the judgment stating that the dismissal of Count I is "without prejudice to ... pursuing the procedure for dispute resolution set out in Article 32(c)" was intended to incorporate the court's conclusions with regard to the waiver defense. Appellees themselves so read the judgment,[2] and it is reasonably clear that the district court believed that resolution of the issue was necessary to the "without prejudice" portion of the judgment. We are thus satisfied the judgment entered embodied the district court's rejection of the waiver defense, and we will treat the appeal as being from that portion of the judgment.

The sole remaining issue is whether the district court was correct in its decision with regard to the waiver issue. We believe it was not. Outright rejection of appellant's waiver arguments was the equivalent of a grant of summary judgment against appellant striking its affirmative defense of waiver. At the time the court acted, however, appellees had not moved for summary judgment striking that defense. In the absence of such a motion, appellant had neither notice nor an opportunity to make an appropriate factual presentation on the issue. It is true that the record before the district court contained some factual material relevant to the waiver issue, but that is no substitute for a full opportunity to respond with all available materials. *See Gutwein v. Roche Labora-*

*tories,* 739 F.2d 93 (2d Cir.1984). Nor was the issue raised by appellant's summary judgment motion, which was explicitly limited to the question of whether pursuit of a remedy under Paragraph 32(c) was a condition precedent to the bringing of breach of contract litigation, and appellant's counsel so informed the court in oral argument.[3]

The sole issue before the district court was thus whether Paragraph 32(c) provided a dispute resolution procedure that had to be followed before initiating litigation. There has been no appeal from the court's ruling that pursuit of such procedures must precede breach of contract litigation, and that portion of the court's judgment remains in effect. To the extent that the judgment precludes appellant from raising the waiver defense in subsequent proceedings, it is vacated. We note that the question of whether the waiver issue may be raised in the course of proceedings under Paragraph 32(c) or can be resolved only in future litigation is not before us and we take no position on it.

Reversed and remanded with instructions to vacate so much of the judgment as precludes appellant from raising the defense of waiver in subsequent proceedings.

---

**2.** Appellees' brief states at p. 4:

the Court rejected 795's argument that plaintiffs' election not to utilize the contractual dispute resolution remedy "constitute[d] a waiver of any claim by plaintiffs" (A432). Consistent with its ruling that there had been no "waiver" and that THF was "not estopped from pursuing" its claims (A433), the Court then dismissed plaintiffs' $4.2 million claim without prejudice to arbitration of the accounting issues involved in the claim under the contractual dispute resolution procedure." (A433–34).

**3.** Even if the waiver issue had been before the court as a consequence of appellant's motion, the questions of whether the parties intended that the procedures specified in Paragraph 32(c) be invoked annually or whether appellees' conduct otherwise constituted an abandonment of their claims involve disputed issues of material fact. The proper ruling, therefore, would have been to deny judgment to either party rather than to strike the waiver defense.