09-3177-cv
*B.D.S. v. Southold Union Free School District*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:

> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

-------------------------------------

B.D.S., a child with a disability, individually and by mother, Donna Dzugas-Smith,

> *Plaintiff-Appellee*,

DONNA DZUGAS-SMITH,

> *Plaintiff-Counterclaim-Defendant-Appellee*,

v.                                                                      09-3177-cv
                                                                        Summary Order

INGERMAN SMITH L.L.P.,

> *Defendant-Counter-Claimant-Appellant*,

SOUTHOLD UNION FREE SCHOOL DISTRICT, DR. CHRISTOPHER GALLAGHER, VIRGINIA THOMPSON, RICHARD CAGGIANO, PAULLETTE OFRAIS, JUDI FOUCHET, DR. ROBERT WALSH, JEANANNE DEMPSEY, PATRICIA MELLAS, LORI CARIELLO, DAVID RIDDELL, PAUL

KELLY, ELAINE WHITE, SCOTT DESIMONE,

*Defendants*,

SUSAN NOBILE, GAIL ANDREWS BUTTA,
MARY FITZPATRICK, MARY LOU CAHILL,
BRUCE KOLLMAN, NEW YORK STATE
EDUCATION DEPARTMENT,

*Consolidated-Defendants.**

---

DONNA DZUGAS-SMITH, *pro se,* Southold, NY,
*for Plaintiff-Counterclaim-Defendant-Appellee.*

RALPH A. CATALANO, Catalano Gallardo &
Petropoulos, LLP, Jericho, NY, *for Defendant-Counter-Claimant-Appellant.*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED without prejudice.

Defendant-Counter-Claimant-Appellant Ingerman Smith LLP ("Ingerman Smith"), a private law firm, appeals from so much of the June 24, 2009 opinion and order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) as dismissed without prejudice all claims under 42 U.S.C. § 1983, § 1985, and state law brought against Ingerman Smith. Although the district court ruled that the complaint failed to state a claim on which relief could be granted against Ingerman Smith under § 1983 or § 1985, it declined to dismiss these claims with prejudice and instead gave Plaintiffs permission to file an amended complaint, reasoning that an amended complaint would not be futile because, in the district court's view, Ingerman Smith – as neither a governmental nor a public entity – would not be entitled to either absolute immunity or qualified

---

* The Clerk of the Court is directed to amend the official caption as set forth above.

immunity. Ingerman Smith contends that it is entitled to bring this immediate appeal, both because the granting of its motion to dismiss gave it less than the complete relief from further litigation that it sought, and because a denial of immunity is immediately appealable under the collateral order doctrine. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

Assuming that a party has standing to bring an appeal following a dismissal of all claims against it, *see, e.g.*, *LaBuhn v. Bulkmatic Transp. Co.*, 865 F.2d 119, 121-22 (7th Cir. 1988) (finding defendant who obtained dismissal without prejudice to be "aggrieved in a practical sense," since defendant "wanted a dismissal with prejudice, and didn't get it"); *cf. Trusthouse Forte, Inc. v. 795 Fifth Ave. Corp.*, 756 F.2d 255 (2d Cir. 1985) (entertaining appeal from district court's premature foreclosure of a defense in the course of dismissing action without prejudice to nonjudicial dispute resolution), we nonetheless conclude that, in the circumstances of this case, consideration of Ingerman Smith's appeal is not appropriate. Although "an order denying a motion to dismiss a complaint[,] . . . when the dismissal motion is based on the . . . assertion of absolute or qualified immunity[,] is immediately reviewable . . . to the extent that the denial turns on issues of law," *Almonte v. City of Long Beach*, 478 F.3d 100, 105 (2d Cir. 2007) (internal quotation marks omitted), we have further explained that this rule applies "so long as the validity of the denial of the . . . immunity defense can be decided . . . in light of the record on appeal," *Locurto v. Safir*, 264 F.3d 154, 164 (2d Cir. 2001). Here, the district court determined that Plaintiffs' complaint did not adequately allege any conduct by Ingerman Smith sufficient to state a claim for a violation of Plaintiffs' rights, a finding that Ingerman Smith does not dispute. Accordingly, in the present posture of the case, the dismissed claims are moot, and any opinion by this Court at this stage as to

3

whether an official immunity doctrine should be extended to protect Ingerman Smith, a private entity, would constitute an advisory opinion. Such an issue is more appropriately decided when it is squarely presented in the context of a pleading that states a cognizable federal claim against such a defendant. *See generally Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 503-04 (2d Cir. 2004) (noting "functional approach" used in reviewing claims of absolute immunity, which requires consideration of the nature of the function performed that allegedly violated the plaintiff's rights); *Young v. Cnty. of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998) (observing that qualified immunity requires, *inter alia*, a determination whether a reasonable defendant would have understood that the conduct at issue was unlawful). As to any new or revised claims that Plaintiffs are entitled to bring as a result of the dismissal without prejudice, we find Ingerman Smith's appeal not ripe on the record before us.

For the foregoing reasons, the appeal is DISMISSED without prejudice to future claims of immunity by Ingerman Smith in the district court or in any future appeal in which the issue may be ripe.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4