### R.T. VANDERBILT COMPANY, Petitioner,

v.

### OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and Secretary of Labor, Respondents.

No. 82–3325.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1983.

Decided March 9, 1984.

M. Ann Anderson/Guy Driver (argued), Womble, Carlyle, Sandridge and Rich, Winston-Salem, N.C., for petitioner.

Paul A. LaFranchise, Attorney Ray Darling, Secretary OSHRC, Washington, D.C., Ann D. Nachbar (argued), U.S. Dept. of Labor, Washington, D.C., for respondents.

Before KEITH and MARTIN, Circuit Judges, and McRAE, Chief Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

R.T. Vanderbilt Company, an intervenor in the proceedings below, petitions this Court to reverse a finding by the Occupational Health and Safety Review Commission that one of its talc products, "Ceramitalc HDT," contains asbestos fibers. We have jurisdiction to hear this petition pursuant to 29 U.S.C. § 660(a).

Hull Pottery Company used Ceramitalc HDT to manufacture ceramic pottery. On July 20–21, 1977, the Occupational Safety and Health Administration (OSHA) inspected Hull's Crooksville, Ohio plant. During the inspection, OSHA investigators took samples from the talc itself and from the air. Laboratory analysis revealed asbestos fibers in both air and bulk samples. Subsequently, Hull Pottery was charged with violating three provisions of OSHA's asbestos standard: failure to wet spilled Ceramitalc before sweeping; failure to affix asbestos caution labels on either the Ceramitalc bags or the pallet on which the bags were stored; failure to dispose of the empty Ceramitalc bags in impermeable containers. *See* 29 U.S.C. § 654(a)(2); 29 C.F.R. §§ 1910.-1001(c), (g), and (h). When Hull contested the citation, the case was assigned to an administrative law judge. Vanderbilt was allowed to intervene in the case because of its economic interest in the matter.

At the hearing, Hull conceded that it had not met the requirements of the asbestos standard but argued that OSHA's laboratory analyses of the talc were incorrect. The administrative law judge disagreed, finding

* Honorable Robert M. McRae, Jr., Chief United States District Judge for the Western District of Tennessee, sitting by designation.

that the Vanderbilt talc product did indeed contain asbestos fibers. However, the judge vacated the citation against Hull because Hull neither knew nor reasonably could have known that the Ceramitalc HDT contained asbestos fibers. The Occupational Safety and Health Review Commission approved the administrative law judge's findings both as to the presence of asbestos in the talc and as to Hull's non-liability for failure to comply with the asbestos fibers in the talc.

■ On appeal to this Court, Vanderbilt asks that we vacate the Review Commission's finding that Ceramitalc contains asbestos fibers. As an initial matter, the Review Commission argues that this Court has no subject matter jurisdiction over this action, both because there is no case or controversy before this Court and because Vanderbilt has no standing. On the case or controversy point, the Commission maintains that Vanderbilt cannot appeal from the Review Commission's decision because Vanderbilt has already received all the relief to which it is entitled, namely the removal of the citation against Hull. The mere fact that relief was granted for a reason not entirely satisfactory to Vanderbilt, argues the Commission, is not sufficient to preserve its right to appeal.

We disagree with the Commission. The Supreme Court recently held in *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 334, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1979) that, "in an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Article III." As an example of an "appropriate case," the Court cited with approval its earlier decision in *Electrical Fittings Corp. v. Thomas Betts Co.,* 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). *Electrical Fittings* was a patent infringement case in which the district judge ruled that the contested patent was valid but that the defendant had not infringed the patent. Unhappy with the dis-

trict judge's ruling that the patent was valid, the defendant sought approval to appeal that decision to a higher court. While the Supreme Court recognized that the lower court's finding on the patent's validity would have no collateral estoppel effect in future litigation (because the finding was not necessary to the court's decision), it nonetheless allowed the appeal to proceed. The Court appeared to be concerned that a finding of patent validity, though not binding on other courts, still might significantly affect the behavior of third parties concerned about the patent's worth. Similarly, in this case, the Commission's finding that Vanderbilt's Ceramitalc contains asbestos may not be binding in future cases, but it may have a substantial effect on the behavior of ceramic manufacturers concerned about the safety of the Ceramitalc product. In this regard, we note that Vanderbilt's affidavit seeking to intervene at the trial level in this case stated that fifty percent of its annual revenues were derived from talc mining operations, that seven of its customers had been cited for using Ceramitalc, and that one of those customers was no longer doing business with Vanderbilt. Clearly, a desire to maintain the integrity of its product motivated Vanderbilt to intervene in this case, and the integrity of that product is still at issue on appeal. Accordingly, we find there exists a sufficient case or controversy to consider Vanderbilt's appeal.

■ Alternatively the Review Commission claims Vanderbilt lacks standing in this case, both because it lacks a personal stake in the outcome of the controversy, *see Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982), and because it is not within the "zone of interests" sought to be protected by the act, *see Assoc. of Data Processing Service Org., Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). The first allegation is easily answered. Vanderbilt's potential lost profits should its product's integrity be denigrated by the Commission's order provide it with the req-

uisite personal stake in the controversy. The second allegation presents greater difficulties. Another court has recently held that Vanderbilt lacks standing to challenge OSHA enforcement actions brought against its customers. *See R.T. Vanderbilt Co. v. Occupational Safety and Health Review Commission,* 708 F.2d 570 (11th Cir.1983). In that case, the court found only two groups "arguably within the zone of interests to be protected or regulated" by the Act and so entitled to judicial review of OSHA actions—employees, who are members of the group to be protected, and employers, who are members of the group to be regulated. Because third-party manufacturers are neither benefited nor regulated, they are without judicial recourse. *See also Fire Equipment Mfrs. Ass'n v. Marshall,* 679 F.2d 679, 681 (7th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 728, 74 L.Ed.2d 953 (1983) (fire equipment manufacturers lack standing to challenge OSHA fire safety regulations for the workplace). We agree with this reasoning and find that Vanderbilt lacks standing to sue under the "zone of interests" test.

 Vanderbilt responds to this argument by asserting that under recent Supreme Court precedent, the zone of interests test is no longer controlling and should be abandoned. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 80–81, 98 S.Ct. 2620, 2634–2635, 57 L.Ed.2d 595 (1978); C. Wright, A. Miller, and E. Cooper, 13 *Federal Practice & Procedure,* § 3531 at 107 (Cum.Supp.1980). We disagree. In *Valley Forge Christian College, supra,* 454 U.S. at 474, 102 S.Ct. at 759, the Supreme Court once again identified the zone of interests test as part of prudential standing doctrine. Moreover, we note that the other circuits continue to act as if the zone of interests test is alive and well. *See, e.g., Community Nutrition Institute v. Block,* 698 F.2d 1239, 1249–50 (D.C.Cir. 1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 480, 78 L.Ed.2d 678 (1983); *Bowman*

*v. Wilson,* 672 F.2d 1145, 1150–52 (3d Cir. 1982); *State of California v. Block,* 690 F.2d 753, 776 (9th Cir.1982). Accordingly, we will continue to apply the zone of interests test until the Supreme Court directs otherwise.

The petition is dismissed for lack of subject matter jurisdiction.