*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0095P (6th Cir.)
File Name: 00a0095p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

| | |
|---|---|
| ASARCO, INCORPORATED,<br>　　　　　　　　*Petitioner,*<br><br>　　　　　*v.*<br><br>SECRETARY OF LABOR, and<br>FEDERAL MINE SAFETY AND<br>HEALTH REVIEW<br>COMMISSION,<br>　　　　　　　　*Respondents,*<br><br>INTERNATIONAL CHEMICAL<br>WORKERS UNION COUNCIL OF<br>THE UNITED FOODS AND<br>COMMERCIAL WORKERS<br>UNION, AFL-CIO,<br>　　　　　　　　*Intervenor.* | No. 98-4234 |

On Petition for Review of a Decision from the Federal
Mine Safety and Health Review Commission.
Docket No. 94-362-RM

Argued: January 28, 2000

Decided and Filed: March 17, 2000

Before: KENNEDY, RYAN, and BOGGS, Circuit Judges.

1

————————————

**COUNSEL**

**ARGUED:**   Henry Chajet, PATTON BOGGS, L.L.P., Washington, D.C., for Petitioner.   Ellen L. Beard, U.S. DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR, SPECIAL APPELLATE & SUPREME COURT LITIGATION, Washington, D.C., for Respondent. **ON BRIEF:**   Henry Chajet, David J. Farber, PATTON BOGGS, L.L.P., Washington, D.C., for Petitioner.   Ellen L. Beard, Allen H. Feldman, Nathaniel I. Spiller, U.S. DEPARTMENT OF LABOR, OFFICE OF THE SOLICITOR, SPECIAL APPELLATE & SUPREME COURT LITIGATION, Washington, D.C., for Respondent. Randall Vehar, INTERNATIONAL CHEMICAL WORKERS UNION COUNCIL, Akron, Ohio, for Intervenor.

BOGGS, J., delivered the opinion of the court, in which KENNEDY, J., joined.   RYAN, J. (pp. 9-11) delivered a separate concurring opinion.

————————————

**OPINION**

————————————

BOGGS, Circuit Judge.   ASARCO petitions this court to review the denial by the Federal Mine Safety and Health Review Commission ("the Commission") of its petition for review of the decision of an administrative law judge ("ALJ").   The ALJ held that the Denver laboratory of the Mine Safety and Health Administration ("MSHA") employed flawed and unreliable procedures to analyze the sample of silica dust taken from a worker's shift at ASARCO's zinc mine, on the basis of which ASARCO had been cited for a violation of dust safety standards.   The ALJ vacated the citation against ASARCO.   However, the ALJ also held that single-shift sampling is, in principle, a permissible method of determining compliance with dust standards.   ASARCO had vigorously litigated that issue and wishes to challenge the

litigated." *Id.* at 242.  The Supreme Court held that the court of appeals had jurisdiction to direct reformation of the decree to strike the portion relating to the validity of "claim 1"; the court of appeals did not have jurisdiction to address the validity of "claim 1" on the merits, however. *Id.*

ASARCO cannot invoke the *Electrical Fittings* exception to achieve the result it seeks here, that is, a review of the ALJ's decision *on the merits*. *Electrical Fittings* permits only the more limited remedy of reforming a judgment by deleting the allegedly erroneous portions. *See Deposit Guar.*, 445 U.S. at 337; *In re DES Litigation*, 7 F.3d 20, 25 (2d Cir. 1993).

Finally, ASARCO submits that it has standing to appeal the ALJ's decision because it did not obtain all of the relief it requested.   Ordinarily, a party may appeal a decision that grants only part of the relief requested. *Forney v. Apfel*, 524 U.S. 266, 271 (1998).  Here, however, ASARCO *did* obtain all of the relief it requested.   Despite its insistence to the contrary, ASARCO did not request declaratory relief relating to single-shift sampling.   It is true that the ALJ did not accept both of ASARCO's alternative arguments, but arguments are not synonymous with relief.   If ASARCO genuinely intended this to be a "test case" challenging the MSHA's single-shift sampling protocol, it has only itself to blame for muddying the waters with an alternative argument.

For these reasons, as well as those expressed in the lead opinion, I concur in the judgment dismissing this appeal.

grant standing where there is an "injury in fact" to an interest that is arguably within the zone of interests to be protected or regulated under the applicable statute. *Sierra Club v. Morton*, 405 U.S. 727, 733 (1972). The parties here dispute whether ASARCO has suffered any injury from the ALJ's decision, a component of both constitutional and statutory standing.

My brother's opinion recognizes that a prevailing party generally may not appeal a favorable decision. *See Buck v. Secretary of Health and Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991). My colleague also identifies a "narrow exception" to this rule. Indeed, the cases cited by ASARCO establish multiple exceptions to the general rule. However, ASARCO fails to satisfy any of these exceptions.

First, I agree that the *Deposit Guaranty* exception is inapposite. In *Deposit Guaranty*, the plaintiffs suffered actual economic injury from the district court's judgment denying class certification because the judgment precluded the individual plaintiffs from shifting part of the litigation costs to other class members. Here, in contrast, the only economic injury that ASARCO suffered *as a result of the ALJ's decision*, as distinguished from the MSHA's testing procedure, was its sunk litigation costs. ASARCO is not seeking to shift any portion of this cost to another party. I also agree that *Vanderbilt* is distinguishable.

ASARCO also relies on *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1939), a patent infringement case. The district court ruled in favor of the defendant and dismissed the lawsuit for failure to prove infringement, specifically holding that "claim 1" of the patent was valid but not infringed and that "claim 2" of the patent was invalid. The defendant appealed that portion of the district court's ruling holding "claim 1" valid. *Id.* at 242. The court of appeals dismissed the appeal on the grounds that the defendant had been awarded all relief to which it was entitled. The Supreme Court reversed. The Court noted that although the validity of "claim 1" did not influence the disposition, it nevertheless stood "as an adjudication of one of the issues

holding. The Commission refused review on the basis that the company had prevailed before the ALJ and thus had no standing to file a review petition. ASARCO then petitioned this court to review that order. The Commission filed a motion to dismiss for lack of jurisdiction. We decided to hear argument first only on whether we had jurisdiction, i.e., whether ASARCO has standing. For the reasons that follow, we hold that ASARCO is not aggrieved by the ALJ's decision, and therefore has no standing to petition for review. The case is accordingly dismissed for lack of jurisdiction.

## I

This case began in 1994 when the Secretary of Labor, acting through the MSHA, cited ASARCO for violation of dust standards at its Young Mine, an underground zinc mine in Tennessee. ASARCO successfully argued, before Administrative Law Judge Roy J. Maurer, that the Commission's decision in *Keystone Coal Mining Corp.*, 16 FMSHRC 6, 1994 WL 7394 ("*Keystone*"), which held that single-shift sampling of coal dust is an invalid sampling method, was controlling, and that the citation against ASARCO should be dismissed, since it was based on a single-shift sample. The ALJ so ruled. The Commission granted the Secretary's petition for discretionary review, vacated the ALJ's ruling, and remanded for further proceedings, holding that *Keystone*'s invalidation of single-shift sampling applied only to coal mines, not to ASARCO's zinc mine. 17 FMSHRC 1, 1995 WL 29260.

The case was then tried in 1996 before the ALJ, who rendered an opinion in 1997, granting ASARCO's contest of the citation, on the grounds that the laboratory's analytical procedures were unstandardized, haphazard, and unreliable. 19 FMSHRC 1097, 1997 WL 314899. ASARCO was unhappy, however, because the ALJ had first determined the acceptability in principle of single-shift sampling, a methodology vigorously opposed by ASARCO, and had ruled that the contested citation should not be vacated for MSHA's employing that disputed methodology, before proceeding to

vacate it on grounds of the laboratory's unreliable procedures. ASARCO therefore petitioned the Commission for review of the ALJ's determination of the acceptability of the contested methodology. In a 4-1 decision issued on Sept. 29, 1998, the Commission vacated its initial order granting review and denied the petition, on the ground that ASARCO lacks standing to seek review of the adverse portion of the ALJ's decision in its favor. 20 FMSHRC 1001, 1998 WL 675500. ASARCO petitions this court to review that final decision of the Commission, as well as that portion of the ALJ's ruling that held single-shift sampling to be a valid technique for measuring exposure to silica dust.

This court has jurisdiction to review a decision of the Commission on petition by "[a]ny person adversely affected or aggrieved by an order of the Commission" regarding a violation alleged to have occurred in this circuit, pursuant to 30 U.S.C. § 816(a)(1).

In a motion filed November 5, 1998, the Secretary moved to dismiss the petition for lack of jurisdiction, on the ground that ASARCO was not "adversely affected or aggrieved" by the Commission's refusal to review the ALJ's decision. On January 10, 2000, the panel decided first to hear argument on the date scheduled solely on the issue of its jurisdiction and, if ASARCO's petition were to survive the motion to dismiss, then to hear the substantive aspect of the case at another date.

## II

"This court applies a de novo standard of review to questions of subject matter jurisdiction." *Green v. Ameritech Corp.*, 200 F.3d 967, 972 (6th Cir. 2000) (citing *Friends of the Crystal River v. EPA*, 35 F.3d 1073, 1077 (6th Cir. 1994)).

It is a well settled principle that a prevailing party cannot appeal an unfavorable aspect of a decision in its favor. *See New York Telephone Co. v. Maltbie*, 291 U.S. 645 (1934). "A party may not appeal from a judgment or decision in his favor, for the purpose of obtaining a review of findings he

---

## CONCURRENCE

---

RYAN, Circuit Judge, concurring. I agree that ASARCO lacks standing to appeal the ALJ's favorable decision, but I write separately to elaborate on the reasoning that, in my view, supports the judgment and to address a few of ASARCO's arguments that the majority opinion overlooks.

As Judge Boggs observes, ASARCO succeeded in having the citation vacated, but it is unhappy that the ALJ rejected its primary argument in challenging the citation—*i.e.*, that single-shift sampling is inherently unreliable and insufficient *per se* to support a citation. ASARCO argues that it satisfies both the constitutional and statutory requirements for standing to appeal the ALJ's decision.

A litigant must satisfy three elements to establish standing under Article III of the Constitution: (1) he must have suffered some actual or threatened injury; (2) the injury must be "fairly traceable" to the challenged action; and (3) there must be a substantial likelihood that the relief requested will redress or prevent the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). An "injury in fact" is "an invasion of a legally-protected interest" which is: (1) concrete and particularized; and (2) actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. at 560.

In addition to these constitutional requirements, a party must satisfy applicable statutory prerequisites for standing. Under the Federal Mine Safety & Health Act, "[a]ny person adversely affected or aggrieved" by an ALJ's decision or by a Commission order may seek review before the Commission or a court, respectively. 30 U.S.C. §§ 823(d)(2)(A), 816(a)(1). The Supreme Court has interpreted the identical "adversely affected or aggrieved" language that appears in the Administrative Procedures Act (APA), 5 U.S.C. § 702, to

and the Commission's refusal to review it, has caused ASARCO no "distinct and palpable injury," *see ibid.* (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)), and ASARCO thus lacks standing to petition this court for review.

ASARCO's petition is, therefore, **DISMISSED** for lack of jurisdiction.

deems erroneous which are not necessary to support the decree." *Electrical Fittings Corp. v. Thomas Betts Co.*, 307 U.S. 241, 242 (1939). Appellate courts review judgments, not statements in an opinion. *See, e.g., Black v. Cutter Laboratories*, 351 U.S. 297 (1956). As a rule, a court's holding on a collateral issue is appealable only when such an issue undergirds a decision adverse to a party in the case, and is appealable only by that party. *See* 15A Charles A. Wright et al., Federal Practice and Procedure: Jurisdiction 2d § 3902, text accompanying notes 32-55. The party is the critical factor here, since analysis of standing focuses not on the salience of an issue, which may be considerable, but on the injury to a party who wishes to litigate it. *See Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 484 (1982).

ASARCO seeks to avoid these established principles through a narrow exception that has been applied by the Supreme Court in unusual and limited circumstances. The Chairman of the Commission, dissenting from the denial of ASARCO's petition, quoted on the matter a widely-used treatise:

> [I]f a litigated issue was adjudicated expressly adversely to the party prevailing on the merits, even though it was immaterial to the final disposition, that party may retain an interest in the matter sufficient to support appellate jurisdiction. . . . A "stake in the appeal" exists if the collateral ruling affects the prevailing party's rights and if erroneous would work harm to the prevailing party's interest.

19 James W. Moore et al., Moore's Federal Practice § 205.04[1], at 205-42–43 (3d ed. 1998) (quoting *Deposit Guaranty Nat'l Bank of Jackson v. Roper*, 445 U.S. 326, 334 (1980)).

In *Deposit Guaranty*, the Supreme Court upheld the right of plaintiffs to appeal the denial of certification to a putative class of 90,000, notwithstanding an entry of judgment in their favor on the basis of the bank's tender to plaintiffs of the

maximum amount they could have recovered as individuals. Without the class certification, the cost of litigation could not be widely spread.  In permitting the appeal of the adverse certification ruling, the Court held:

> A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.  The rule is one of federal appellate practice, however, derived from the statutes granting appellate jurisdiction and the historic practices of the appellate courts; it does not have its source in the jurisdictional limitations of Art. III.  In an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of a party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Art. III.

445 U.S. at 333-34 (citations omitted).

This court quoted the last sentence of the preceding language from *Deposit Guaranty* in a case concerning a manufacturer's appeal of an OSHA decision that its product contained asbestos fibers, notwithstanding an ALJ's vacating of a citation against one of its customers for use of that product. The decision had been made in an action not against the manufacturer, but against a company to whom it had supplied the product.  *See R.T. Vanderbilt Co. v. Occupational Safety and Health Rev. Comm.*, 728 F.2d 815, 817 (6th Cir. 1984).  This court held that the manufacturer, Vanderbilt, could bring an appeal, since there was a sufficient case or controversy affecting its interests, and that Vanderbilt did have "a personal stake in the outcome." *Ibid*.  Although thereby two-thirds of the way through the courthouse door, Vanderbilt nonetheless failed to pass the "zone of interests" test, as established by the Supreme Court in *Association of Data Processing Service Org., Inc. v. Camp*, 397 U.S. 150, 153 (1970), since it was neither a regulated party nor a party on whose behalf there was regulation. We accordingly dismissed the case for lack of subject matter jurisdiction. 728

F.2d at 818.  ASARCO, in contrast, clearly is a regulated party; hence, it contends, it meets more fully than did Vanderbilt the criteria for standing to appeal.

ASARCO's situation is, however, distinguishable from Vanderbilt's, as well as from that of the prevailing party in *Deposit Guaranty*.  In the latter case, plaintiffs had been denied class certification in a suit against the bank over allegedly usurious credit-card finance charges, and the bank's tender, which plaintiffs rejected in an attempt to reserve the appeal of the denial of certification, was embodied in a final judgment by the district court over their objections.  Unlike ASARCO, it is hard to see in what, if any, sense the *Deposit Guaranty* plaintiffs, who received $889.42 and $423.54 but bore the cost of litigation, could be construed to have received all that they had sought, and in any event their case presented issues unique to class certification, and its denial, on which the Court focused in its decision.

Vanderbilt was, at least arguably, subject to more damage by the collateral ruling against its product than is ASARCO. The ruling on Vanderbilt's product would not have any preclusive effect — the citation against the offending company that had used Vanderbilt's product was vacated, and the holding adverse to Vanderbilt was, at best, dicta — but the economic loss resulting from damage to its product's reputation might be substantial.  ASARCO does not have even that much economic stake.  Nor will the ruling it dislikes have preclusive effect; it is not even binding on the Commission, as the Secretary's brief points out.  Brief for the Secretary of Labor at 25.  The only damage to ASARCO is, perhaps, the cost it *may* incur in repeating the litigation of the single-sampling issue in the future, *if* it is cited for a violation, *if* the citation rests on a single-shift sample, and *if* the citation is upheld by an ALJ.  This is a highly speculative injury, too much so to count as the "Article III minima of injury in fact" required for standing. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982).  In any event, even that injury arises not from the underlying ALJ decision, but from the MSHA's overall enforcement policy.  The ALJ's decision,