BOGGS, J., delivered the opinion of the court, in which KENNEDY, J., joined. RYAN, J. (pp. 724-25) delivered a separate opinion, in which Judge KENNEDY also joined.
OPINION
BOGGS, Circuit Judge.
ASARCO petitions this court to review the denial by the Federal Mine Safety and Health Review Commission (“the Commission”) of its petition for review of the decision of an administrative law judge (“ALJ”). The ALJ held that the Denver laboratory of the Mine Safety and Health Administration (“MSHA”) employed flawed and unreliable procedures to analyze the sample of silica dust taken from a worker’s shift at ASARCO’s zinc mine, on the basis of which ASARCO had been cited for a violation of dust safety standards. The ALJ vacated the citation against ASARCO. However, the ALJ also held that single-shift sampling is, in principle, a permissible method of determining compliance with dust standards. ASAR-CO had vigorously litigated that issue and wishes to challenge the holding. The Commission refused review on the basis that the company had prevailed before the ALJ and thus had no standing to file a review petition. ASARCO then petitioned this court to review that order. The Secretary of Labor filed a motion to dismiss for lack of jurisdiction. We decided to hear argument first only on whether we had jurisdiction, i.e., whether ASARCO has standing. For the reasons that follow, we hold that ASARCO is not aggrieved by the ALJ’s decision, and therefore has no standing to petition for review. The case is accordingly dismissed for lack of jurisdiction.
I
This case began in 1994 when the Secretary of Labor, acting through the MSHA, cited ASARCO for violation of dust standards at its Young Mine, an underground zinc mine in Tennessee. ASARCO successfully argued, before Administrative Law Judge Roy J. Maurer, that the Commission’s decision in Keystone Coal Mining Corp., 16 FMSHRC 6, 1994 WL 7394 (“Keystone”), which held that single-shift sampling of coal dust is an invalid sampling method, was controlling, and that the citation against ASARCO should be dismissed, since it was based on a single-shift sample. The ALJ so ruled. The Commission granted the Secretary’s petition for discretionary review, vacated the ALJ’s ruling, and remanded for further proceedings, holding that Keystone’s invalidation of single-shift sampling applied only to coal mines, not to ASARCO’s zinc mine. 17 FMSHRC 1,1995 WL 29260.
The case was then tried in 1996 before the ALJ, who rendered an opinion in 1997, granting ASARCO’s contest of the citation, on the grounds that the laboratory’s analytical procedures were unstandardized, haphazard, and unreliable. 19 FMSHRC 1097, 1997 WL 314899. ASARCO was unhappy, however, because the ALJ had first determined the acceptability in principle of single-shift sampling, a methodology vigorously opposed by ASARCO, and had ruled that the contested citation should not be vacated for MSHA’s employing that disputed methodology, before proceeding to vacate it on grounds of the laboratory’s unreliable procedures. ASARCO therefore petitioned the Commission for review of the ALJ’s determination of the acceptability of the contested methodology. In a 4-1 decision issued on Sept. 29, 1998, the Commission vacated its initial order grant *722 ing review and denied the petition, on the ground that ASARCO lacks standing to seek review of the adverse portion of the ALJ’s decision in its favor. 20 FMSHRC 1001, 1998 WL 675500. ASARCO petitions this court to review that final decision of the Commission, as well as that portion of the ALJ’s ruling that held single-shift sampling to be a valid technique for measuring exposure to silica dust.
This court has jurisdiction to review a decision of the Commission on petition by “[a]ny person adversely affected or aggrieved by an order of the Commission” regarding a violation alleged to have occurred in this circuit, pursuant to 30 U.S.C. § 816(a)(1).
In a motion filed November 5, 1998, the Secretary moved to dismiss the petition for lack of jurisdiction, on the ground that ASARCO was not “adversely affected or aggrieved” by the Commission’s refusal to review the ALJ’s decision. On January 10, 2000, the panel decided first to hear argument on the date scheduled solely on the issue of its jurisdiction and, if ASAR-CO’s petition were to survive the motion to dismiss, then to hear the substantive aspect of the case at another date.
II
“This court applies a de novo standard of review to questions of subject matter jurisdiction.” Green v. Ameritech Corp., 200 F.3d 967, 972 (6th Cir.2000) (citing Friends of the Crystal River v. EPA, 35 F.3d 1073, 1077 (6th Cir.1994)).
It is a well settled principle that a prevailing party cannot appeal an unfavorable aspect of a decision in its favor. See New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041 (1934). “A party may not appeal from a judgment or decision in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree.” Electrical Fittings Corp. v. Thomas Betts Co., 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). Appellate courts review judgments, not statements in an opinion. See, e.g., Black v. Cutter Laboratories, 351 U.S. 292, 76 S.Ct. 824, 100 L.Ed. 1188 (1956). As a rule, a court’s holding on a collateral issue is appealable only when such an issue undergirds a decision adverse to a party in the case, and is appealable only by that party. See 15A Charles Aan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3902, text accompanying notes 32-55. The party is the critical factor here, since analysis of standing focuses not on the salience of an issue, which may be considerable, but on the injury to a party who wishes to litigate it. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 484, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).
ASARCO seeks to avoid these established principles through a narrow exception that has been applied by the Supreme Court in unusual and limited circumstances. The Chairman of the Commission, dissenting from the denial of ASARCO’s petition, quoted on the matter a widely-used treatise:
[I]f a litigated issue was adjudicated expressly adversely to the party prevailing on the merits, even though it was immaterial to the final disposition, that party may retain an interest in the matter sufficient to support appellate jurisdiction .... A “stake in the appeal” exists if the collateral ruling affects the prevailing party’s rights and if erroneous would work harm to the prevailing party’s interest.
19 James W. Moore et al., Moore’s Federal Practice § 205.04[1], at 205-42-43 (3d ed.1998) (quoting Deposit Guaranty Nat’l Bank of Jackson v. Roper, 445 U.S. 326, 334, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980)).
In Deposit Guaranty, the Supreme Court upheld the right of plaintiffs to appeal the denial of certification to a putative class of 90,000, notwithstanding an entry of *723 judgment in their favor on the basis of the bank’s tender to plaintiffs of the maximum amount they could have recovered as individuals. Without the. class certification, the cost of litigation could not be widely spread. In permitting the appeal of the adverse certification ruling, the Court held:
A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it. The rule is one of federal appellate practice, however, derived from the statutes granting appellate jurisdiction and the historic practices of the appellate courts; it does not have its source in the jurisdictional limitations of Art. III. In an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of a party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Art. III.
445 U.S. at 338-34, 100 S.Ct. 1166 (cita-tions omitted).
This court quoted the last sentence of the preceding language from Deposit Guaranty in a case concerning a manufacturer’s appeal of an OSHA decision that its product contained asbestos fibers, notwithstanding an ALJ’s vacating of a citation against one of its customers for use of that product. The decision had been made in an action not against the manufacturer, but against a company to whom it had supplied the product. See R.T. Vanderbilt Co. v. Occupational Safety and Health Rev. Comm., 728 F.2d 815, 817 (6th Cir.1984). This court held that the manufacturer, Vanderbilt, could bring an appeal, since there was a sufficient case or controversy affecting its interests, and that Vanderbilt did have “a personal stake in the outcome.” Ibid. Although thereby two-thirds of the way through the courthouse door, Vanderbilt nonetheless failed to pass the “zone of interests” test, as established by the Supreme Court in Association of Data Processing Service Org., Inc. v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), since it was neither a regulated party nor a party on whose behalf there was regulation. We accordingly dismissed the case for lack of subject matter jurisdiction. 728 F.2d at 818. ASAR-CO, in contrast, clearly is a regulated party; hence, it contends, it meets more fully than did Vanderbilt the criteria for standing to appeal.
ASARCO’s situation is, however, distinguishable from Vanderbilt’s, as well as from that of the prevailing party in Deposit Guaranty. In the latter case, plaintiffs had been denied class certification in a suit against the bank over allegedly usurious credit-card finance charges, and the bank’s tender, which plaintiffs rejected in an attempt to reserve the appeal of the denial of certification, was embodied in a final judgment by the district court over their objections. Unlike ASARCO, it is hard to see in what, if any, sense the Deposit Guaranty plaintiffs, who received $889.42 and $423.54 but bore the cost of litigation, could be construed to have received all that they had sought, and in any event their case presented issues unique to class certification, and its denial, on which the Court focused in its decision.
Vanderbilt was, at least arguably, subject to more damage by the collateral ruling against its product than is ASARCO. The ruling on Vanderbilt’s product would not have any preclusive effect — the citation against the offending company that had used Vanderbilt’s product was vacated, and the holding adverse to Vanderbilt was, at best, dicta — but the economic loss resulting from damage to its product’s reputation might be substantial. ASARCO does .not have even that much economic stake. Nor will the ruling it dislikes have preclusive effect; it is not even binding on the Commission, as the Secretary’s brief points out. Brief for the Secretary of Labor at 25. The only damage to ASAR-CO is, perhaps, the cost it may incur in repeating the litigation of the single-sampling issue in the future, if it is cited for a *724 violation, if the citation rests on a single-shift sample, and if the citation is upheld by an ALJ. This is a highly speculative injury, too much so to count as the “Article III minima of injury in fact” required for standing. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 372, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). In any event, even that injury arises not from the underlying ALJ decision, but from the MSHA’s overall enforcement policy. The ALJ’s decision, and the Commission’s refusal to review it, has caused ASARCO no “distinct and palpable injury,” see ibid. (quoting Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)), and ASARCO thus lacks standing to petition this court for review.
ASARCO’s petition is, therefore, DISMISSED for lack of jurisdiction.