Helen GREDD, Chapter 11 Trustee for Manhattan Investment Fund, Ltd., Plaintiff–Appellant–Cross–Appellee,

v.

BEAR, STEARNS SECURITIES CORP., Defendant–Appellee–Cross–Appellant.

Nos. 08–3701–bk(L), 08–3893–bk(XAP).

United States Court of Appeals, Second Circuit.

June 2, 2009.

Helen Gredd, Esq. (Daniel M. Gitner, Esq., Daniel E. Reynolds, Esq., Brian A. Jacobs, Esq., on the brief), Lankler Siffert & Wohl LLP, New York, NY, for Plaintiff.

Harry S. Davis, Esq., Schulte Roth & Zabel LLP, New York, NY, for Defendant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Helen Gredd, as trustee in bankruptcy for the Manhattan Investment Fund Ltd. (the "Fund"), appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.) dismissing Gredd's suit against Bear, Stearns Securities Corp. ("Bear Stearns") following a jury trial. The Fund began as a legitimate business engaged in short-selling stocks through its prime brokerage account at Bear Stearns, but when the losses began to pile up the Fund became a Ponzi scheme. In this litigation, the trustee in bankruptcy seeks to recover, pursuant to 11 U.S.C. § 548, more than $141 million transferred to Bear Stearns as margin to secure the Fund's short-sales in the year prior to the Fund's collapse.

█ The facts are meticulously laid out in the district court's opinion addressing the parties' cross-motions for summary judgment. See In re Manhattan Investment Fund, Ltd., 397 B.R. 1 (S.D.N.Y. 2007). In a nutshell, a Bear Stearns executive attending a cocktail party was told a fact that put him on inquiry notice of a possible fraud by the Fund. Specifically, the executive was told that the Fund was reporting regular gains of twenty percent per annum, whereas he knew that the Fund was losing money through its accounts at Bear Stearns. It is conceded that Bear Stearns was thus put on inquiry notice, and that Bear Stearns took certain steps to investigate the possible fraud. The question was whether those inquiries were sufficient to establish that Bear Stearns acted in good faith in receiving the contested margin transfers. A jury found that Bear Stearns had conducted itself in good faith throughout the period of the transfers in question.

█ On this appeal, the trustee argues that the district court's jury charge failed to require that separate goodfaith inquiries be conducted as to each of the contested transfers, and that the charge improperly permitted Bear Stearns to rely on third party diligence efforts to establish its own good faith. The trustee points to no authority requiring the district court to give these charges. Nor does the trustee make a compelling argument why there should be a requirement for separate good-faith inquiries for each of a series of transactions (particularly since, depending on the commercial relationship at issue, there could be multiple transactions per day) or why the jury should not be permitted to consider Bear Stearns's knowledge and consideration of third party diligence efforts in determining whether, in the circumstances, Bear Stearns had exercised good faith. Both circumstances are arguably subsumed in the broad inquiry as to good faith, and the jury was not told to disregard them. Absent precedent establishing the rules proposed by the trustee, we cannot say that the district court's jury instructions misled the jury as to the correct legal standard or did not adequately inform the jury of the law. Hudson v. New York City, 271 F.3d 62, 67–68 (2d Cir.2001).

Bear Stearns cross-appeals on the ground that the district court erred in

determining, on summary judgment, that Bear Stearns was an "initial transferee" of the money in question such that the transfers are avoidable under the Bankruptcy Code, 11 U.S.C. § 550(a)(1). We decline to reach this issue in light of our affirmance of the district court's jury charge. "A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). Because the jury's special verdict in favor of Bear Stearns resulted in the dismissal of the trustee's claim in its entirety, the district court's ruling that Bear Stearns was the initial transferee of the funds was not necessary to support the final judgment in this case.

Accordingly, we hereby **AFFIRM** the judgment of the District Court.