In re MANHATTAN INVESTMENT
FUND LTD., et al.  Debtors,

Bear Stearns Securities
Corp., Appellant,

v.

Helen Gredd, Chapter 11 Trustee
for Manhattan Investment
Fund Ltd., Appellee.

Bankruptcy Nos. 00–10922 (BRL),
00–10921(BRL).
Adv. Pro. No. 01–02606.
No. 07 Civ. 2511(NRB).

United States District Court,
S.D. New York.

Dec. 22, 2009.

Daniel E. Reynolds, Esq., Lankler Siffert & Wohl LLP, New York, NY, for Chapter 11 Trustee.

Harry S. Davis, Esq., Schulte Roth & Zabel LLP, New York, NY, for Bear, Stearns.

## MEMORANDUM AND ORDER

NAOMI REICE BUCHWALD, District Judge.

Before the Court is Bear, Stearns Securities Corporation's ("Bear Stearns") Motion to Amend the Bill of Costs as Taxed. The motion seeks recovery of the cost of the premium for the supersedeas bond posted in the Bankruptcy Court in connection with the appeal to this Court in March 2007. For the reasons explained below, the motion is denied.

### BACKGROUND

This Court has written six opinions on the litigation between Bear Stearns and the Trustee of the Manhattan Investment Fund (the "Trustee"). Accordingly, we only briefly review the relevant facts.[1]

The Manhattan Investment Fund began as a legitimate hedge fund that engaged in short-selling stocks through its prime brokerage account at Bear Stearns. After losses began to accumulate, the fund became a Ponzi scheme. The fraud was eventually discovered after a Bear Stearns executive attending a cocktail party was told that the fund was regularly reporting gains of twenty percent per annum, when, as the executive knew, the fund was losing money through its accounts at Bear Stearns. Through this litigation, which began in the Bankruptcy Court below, the Trustee sought to recover $141.4 million that was transferred to Bear Stearns as margin to secure the fund's short sales in the year prior to its collapse.

---

1. A fuller explanation of the facts is contained in our most recent opinion, *In re Manhattan Investment Fund, Ltd.,* 397 B.R. 1, 7–12 (S.D.N.Y.2007), as well as in *Cromer Finance Ltd. v. Berger,* 137 F.Supp.2d 452, 461–64 (S.D.N.Y.2001).

On January 7, 2007, the Bankruptcy Court ruled on competing motions for judgment as a matter of law. The court granted the Trustee's motion for summary judgment and denied Bear Stearns's motion. Specifically, the Bankruptcy Court held that the transfers should be avoided because (1) the transfers were made with "actual intent to hinder, delay, or defraud" the fund's creditors as defined by Section 548(a)(1)(A) of the Bankruptcy Code (the "Code"); (2) Bear Stearns was an "initial transferee" under Section 550(a) of the Code; and (3) Bear Stearns failed to prove that it accepted the transfers in good faith under Section 548(e) of the Code. *Gredd v. Bear Stearns Securities Corp. (In re Manhattan Fund Ltd.)*, 359 B.R. 510 (Bankr. S.D.N.Y.2007).

On March 27, 2007, Bear Stearns appealed to this Court. In order to avoid immediate execution of the judgment, the company posted a supersedeas bond in connection with the appeal, for which it paid a premium of $530,248.

On December 17, 2007, we issued a decision that affirmed the Bankruptcy Court in part and reversed in part. We affirmed the Bankruptcy Court's findings on the first two issues described above but held that there was a genuine issue of material fact as to the third—whether Bear Stearns acted in good faith. *See In re Manhattan Investment Fund*, 397 B.R. at 13, 21, 26. Specifically with respect to that third issue, we affirmed the Bankruptcy Court's holding that Bear Stearns was on "inquiry notice" of the Fund's fraud, but reversed the court's holding that Bear Stearns had not been diligent in its investigation. *Id.* at 22–26. Shortly after our decision, Bear Stearns obtained an order from the Bankruptcy Court, without opposition from the Trustee, releasing its bond. The issue of Bear Stearns's diligence was thereafter

tried before a jury, and Bear Stearns prevailed.

The Trustee appealed the judgment to the Second Circuit, arguing that the Court's jury charge was flawed. Bear Stearns cross-appealed on the ground that the Court erred in determining, on summary judgment, that Bear Stearns was an "initial transferee" of the money under Section 550(a) of the Code.

On June 2, 2009, the Second Circuit affirmed our judgment, finding no legal error in the jury charge. The court declined to reach Bear Stearns's cross-appeal, explaining that because Bear Stearns succeeded on its good faith defense, our ruling that the company was the initial transferee of the funds was not necessary to support the final judgment. *Gredd v. Bear, Stearns Securities Corp.*, 328 Fed. Appx. 709 (2d Cir.2009).

Following the Second Circuit's decision, Bear Stearns filed a Bill of Costs and an Amended Bill of Costs seeking, *inter alia*, the $530,248 premium on the supersedeas bond posted in connection with the company's appeal from the Bankruptcy Court to this Court. After hearing argument from the parties, the Judgment Clerk sustained the Trustee's objections to Bear Stearns's application. Shortly after the ruling, we granted Bear Stearns leave to file a motion pursuant to Federal Rule of Civil Procedure 54(d)(1) to review the conclusion of the Clerk.

## DISCUSSION

### I. The Applicable Rule

██ The parties point to several different cost-shifting provisions in arguing for their preferred outcomes. Bear Stearns cites both Federal Rule of Bankruptcy Procedure 8014 ("Rule 8014") and Federal Rule of Appellate Procedure 39. The Trustee argues that Federal Rule of Bank-

ruptcy Procedure 7054(b) ("Rule 7054(b)") controls and that it should be interpreted in a manner consistent with Federal Rule of Civil Procedure 54(d). We conclude that Rule 8014 alone governs the issue at hand.

The parties' confusion stems from the array of cost-shifting provisions in both the federal rules that generally govern civil actions and in the specialized rules that govern bankruptcy proceedings. Under Rule 7054(b), a "prevailing party" in an adversary proceeding before a bankruptcy court can recover from its opponent certain "costs" incurred in connection with the litigation before the bankruptcy court. In this way, Rule 7054(b) parallels Federal Rule of Civil Procedure 54(d), which allows a district court to award to a "prevailing party" certain "costs" incurred while litigating before the court.

Separate provisions, however, govern costs incurred on appeals. Rule 8014, which is contained in the section of the Federal Rules of Bankruptcy Procedure that specifically applies to appeals to district courts, governs the apportionment of costs incurred in connection with such appeals. *See, e.g., In re T.R. Acquisition Corp.,* Nos. 95–B–43122, 95/1273A, M–42(JGK), 1997 WL 528156, at *1 (S.D.N.Y. Aug.26, 1997). The rule outlines conditions for awarding costs both when there is a "losing party" and when "a judgment is affirmed or reversed in part," and it specifies that recoverable costs may include "the premiums paid for [the] cost of supersedeas bonds."

Rule 8014 likewise has a parallel provision, which governs costs incurred on appeals from district courts to appellate courts. Federal Rule of Appellate Procedure 39 provides that "costs on appeal" to the circuit courts of appeals, including "premiums paid for a supersedeas bond," are taxable in the district court. *See generally* Fed. R.App. P. 1 ("These rules govern procedure in the United States courts of appeals.").

We reject Bear Stearns's argument that Federal Rule of Appellate Procedure 39 "provides an additional, alternative ground for taxing the bond premiums." (Bear Stearns's Memorandum of Law in Support of Defendant's Motion to Amend the Bill of Costs as Taxed at 2 n. 1.) Although, as we explain later, the Second Circuit's jurisprudence concerning Federal Rule of Appellate Procedure 39 provides useful guidance in interpreting Rule 8014, Rule 39 is not, strictly speaking, the controlling provision for the issue at hand, since the costs sought by Bear Stearns were not costs incurred in connection with the appeal that was taken to the Court of Appeals.

The Trustee's contention that Rule 7054(b) controls the question at issue is similarly mistaken. Nothing in Rule 7054(b) suggests that it applies to costs incurred in appeals from adversary proceedings, and the cases cited by the Trustee do not so indicate.[2] The Trustee places considerable reliance on the fact that Rule 7054(b), like Federal Rule of Civil Procedure 54(d), does not specify that a supersedeas bond premium qualifies as a recoverable cost, but the Trustee overlooks

---

2. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (recovery of costs incurred in connection with proceeding before federal district court taxable against losing party under Fed.R.Civ.P. 54(d)); *Whitfield v. Scully,* 241 F.3d 264 (2d Cir.2001) (same); *In re Stanisz (Rhodes v. Stanisz),* 2009 WL 412696 (Bankr.

N.D.Ill. Jan.28, 2009) (Rule 7054(b) limits recovery of costs incurred in connection with adversary proceeding before bankruptcy court), *cited in* Trustee's Memorandum of Law in Opposition to the Motion of Bear, Stearns to Amend the Bill of Costs as Taxed ("Trustee Mem.") at 5–6.

the obvious reason: there is simply no need for either rule to do so, since they do not govern costs incurred on appeals.

Thus, contrary to both parties' positions, the sole controlling provision on the question before us is Rule 8014, to which we now turn in more detail.

## II. Application of Rule 8014

The parties' arguments require us to explore the extent to which Rule 8014 grants us discretion to award costs and, insofar as we have such discretion, to explain its exercise in favor of either party. We conclude that Rule 8014 grants us discretion to tax the cost of the bond premium, but we decline to exercise that discretion in favor of Bear Stearns.

### A. The Court's Discretion Under Rule 8014

■ Contrary to Bear Stearns's position, on any interpretation of Rule 8014, this Court has discretion to tax the cost of the bond premium. The rule provides, in relevant part:

> Except as otherwise provided by law, agreed to by the parties, *or ordered by the district court* ... costs shall be taxed against the losing party on an appeal. If a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed *only as ordered by the court.* Costs incurred in ... the premiums paid for [the] cost of supersedeas bonds or other bonds to preserve rights pending appeal ... shall be taxed by the clerk as costs of the appeal in favor of the party entitled to costs under this rule. [Emphasis added.]

Thus, the plain language of the rule indicates that an award of costs is within our discretion—regardless of whether we conclude that there was a "losing party" in the appeal to this Court or, instead, that the Bankruptcy Court's decision was "affirmed [and] reversed in part."

### B. Bear Stearns's Contention that the Trustee was the "Losing Party" on Appeal to this Court

■ Despite the discretionary nature of Rule 8014, for purposes of both comprehensiveness and clarity, we explicitly reject Bear Stearns's contention that it should be awarded the cost of the bond premium because the Trustee was the "losing party" in the appeal to this Court.

Bear Stearns's argument rests exclusively on its misplaced reliance on the Second Circuit's decision in *Furman v. Cirrito,* 782 F.2d 353 (2d Cir.1986). *Furman* involved a civil RICO action that was dismissed at the district court level. The Court of Appeals affirmed the dismissal and awarded the costs of the appeal to the defendants under Federal Rule of Appellate Procedure 39. The Supreme Court eventually reversed, and the plaintiffs then moved in the Court of Appeals for both vacatur of the previous order taxing costs against them and for an award of costs in their favor. The Court of Appeals concluded that the plaintiffs were the "actual prevailing party" in light of the Supreme Court's decision and awarded them costs for the original appeal. *Id.* at 355.

While we acknowledge the general structural similarity between Federal Rule of Appellate Procedure 39 and Rule 8014, *Furman* is inapposite for two reasons. First, there has been no decision revising or redefining the result in the stage of the proceeding for which Bear Stearns seeks its costs. Unlike in *Furman*, the second appeal (from this Court to the Court of Appeals) did nothing to alter the result in the first appeal (from the Bankruptcy

Court to this Court).[3] As the Trustee observes, *Furman* does not otherwise support the notion that "a party who is partially successful on an appeal of cross motions for summary judgment, and who then goes on to win at trial, will be retroactively deemed to have entirely won its earlier appeal." (Trustee Mem. at 6.)[4] Second, in reaching its decision, the Court of Appeals credited the *Furman* plaintiffs with "creat[ing] a significant legal principle" through the pursuit of their appeal. 782 F.2d at 356. Bear Stearns is not in a comparable position.

Ultimately, to accept Bear Stearns's contention that the Trustee was the "losing party" on appeal would be to take a cramped, unduly narrow view of the proceedings before this Court. In fact, Bear Stearns's appeal required us to decide a number of complex legal issues, and neither party sustained the totality of the legal positions they were advancing. Indeed, it was the Trustee who moved the law in maintaining that a "prime broker" such as Bear Stearns could be exposed to transferee liability under § 550(a) of the Code. That abstract position was adopted by the Bankruptcy Court as well as this Court, and was left undisturbed by the Second Circuit's ruling.

The fact that Bear Stearns prevailed on an affirmative defense submitted to a jury does not obviate the legal rulings obtained by the Trustee. While we rejected the Bankruptcy Court's conclusion that summary judgment against Bear Stearns was warranted on the defense, we certainly did not conclude that a jury could not reach a decision consistent with that of the Bankruptcy Court and thus in favor of the Trustee. Thus, we cannot conclude that the Trustee was the "losing party" on appeal, nor, given the outcome of the trial, can we conclude that either party was the "losing party" before this Court.

### C. Denial of Bear Stearns's Application for the Cost of the Bond Premium

■ As our opinion in December 2007 explicitly stated, the Bankruptcy Court was "affirmed [and] reversed in part," Fed. R. Bankr.P. 8014.[5] The Judgment

---

**3.** It would make more sense to argue from *Furman* that the costs incurred by Bear Stearns during the proceeding before the Bankruptcy Court should be taxed against the Trustee, pursuant to Rule 7054(b), on the theory that the appellate litigation redefined the prevailing party below. While we doubt that we would adopt that viewpoint, we make this observation to underscore why *Furman* is inapposite here.

**4.** At several points in its papers, Bear Stearns cites the observation in *Furman* that "[i]t is often sound policy ... to wait until a controversy is finally decided on the merits before awarding costs, and to then determine who is the 'prevailing party', instead of judging that issue piecemeal at each stage of the litigation." 782 F.2d at 355–56. This observation makes perfect sense where, as in *Furman*, a court is allocating costs in connection with an appeal on a discrete jurisdictional issue and when a decision on the merits must still be made. But it does not provide any guidance for apportioning costs in an appeal that was, in fact, decided on the merits.

We assume that Bear Stearns was preemptively addressing the Trustee's argument that the company was delinquent in failing to seek the cost of the bond premium shortly after the case was resolved in our Court. (*See* Trustee Mem. at 8–9.) The only "authority" cited by the Trustee in support of this argument, however, turns on the interpretation of a local rule in the District of Massachusetts that has no analog in this district. *See Carp v. Inbar*, 1991 WL 182271 (D.Mass. Sept.3, 1991), *cited in* Trustee Mem. at 8. We therefore do not credit the Trustee's argument in our denial of Bear Stearns's motion.

**5.** *See In re Manhattan Investment Fund*, 397 B.R. at 26. ("[T]he Bankruptcy Court's decision is affirmed in part and reversed in part.")

Clerk therefore properly denied Bear Stearns's application for the bond premium since, when an appeal does not have an unambiguous winner and loser, Rule 8014 makes clear that "costs shall be allowed only as ordered by the court."

Under the circumstances, we reject Bear Stearns's application for recovery of the bond premium. Neither the parties nor the Court have been able to identify an analogous case. We therefore acknowledge the challenge of the issue presented. While we recognize that Bear Stearns, having reversed a significant judgment against the company, no doubt felt like a winner, we nevertheless conclude that two reasons weigh decisively against awarding the cost of the bond premium to Bear Stearns. The first concerns the posture of the case at the time Bear Stearns's bond was released, and the second concerns the legal complexity of the litigation.

At the time that Bear Stearns's bond was released—after this Court's opinion in December 2007 but before the jury's verdict—the ultimate outcome of the litigation was uncertain at best. Had the jury ruled against it, Bear Stearns would have been subject to a judgment again. In addition, the jury's verdict in no way altered the opinion that we had rendered.

We also find it relevant that numerous complex and novel issues were put to the Bankruptcy Court and appealed to us. In this regard, we draw guidance from a recent Second Circuit opinion concerning Federal Rule of Appellate Procedure 39, which (as we have explained) parallels Rule 8014 in the context of appeals from district courts to appellate courts. In *Moore v. County of Delaware*, No. 08–2426–cv, slip op. 4553, 4554 (2d Cir. Aug. 27, 2009), the Court of Appeals reaffirmed that "while an award of costs to a prevailing party pursuant to Rule 39 is a customary and often routine procedure, [the]

Court retains discretion to deny costs when, in the exercise of its discretion, it determines taxation is not appropriate." The Court provided a non-exhaustive list of factors that might warrant denial of costs, including, most pertinently for our purposes, "the difficulty of the issues presented" on appeal. *Id.* at 4558.

As our decision in December 2007 made clear, and as we now reiterate, this proceeding involved legal issues that were both novel and highly complex. Bear Stearns's contention that "there should never have been a judgment entered against Bear Stearns in the Bankruptcy Court" and that "[a]n appeal to the District Court, a trial in the District Court, and an appeal to the Second Circuit have all confirmed that fact," addresses only part of the appellate story. (Memorandum of Law in Reply to Trustee's Opposition to Defendant's Motion to Amend the Bill of Costs as Taxed at 6.) In all respects other than the appropriateness of summary judgment on the third issue, the Bankruptcy Court's decision was upheld, including the fundamental aspects of the Trustee's affirmative case. Indeed, to the extent that the Bankruptcy Court addressed issues which could be considered novel and/or complex, its rulings were affirmed. While the reversed issue was certainly consequential in financial terms, it was legally more prosaic. The argument that the result was obvious all along fails to acknowledge the closeness of the issues which led to the serious and thorough work performed by the Bankruptcy Court and the parties, as well as this Court. In cases such as these, it is appropriate for parties to bear their own costs on appeal.

### CONCLUSION

For the foregoing reasons, Bear Stearns's Motion to Amend the Bill of Costs as Taxed to include the cost of the

$530,248 supersedeas bond premium is denied.